■ In the Matter of the Claim of ERIKA PATTI et al., Appellants, v. REPUBLIC AVIATION CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board denying a claim for death benefits on the ground that the board erred as a matter of law in holding that decedent's death did not arise out of and in the course of employment. On September 18, 1959 decedent was killed when his car collided with a Long Island Railroad train. The record reveals that decedent, an inside employee who worked the 6:00 P.M. to 2:42 A.M. shift, left in his car at about 10:15 P.M. with two coemployees to have "lunch" at a nearby restaurant. Although the employer provided restaurant facilities on the premises, employees were permitted to secure their lunch elsewhere. The fatal accident occurred as decedent was presumably returning from lunch to his employment. The board has found that since decedent's fatal injuries occurred during his lunch period and off the employer's premises on a public highway, they did not arise out of and in the course of his employment. The general rule is that accidents occurring on the public highway, away from the place of employment and outside regular working hours, do not arise out of and in the course of employment (e.g., *Matter of Jamison* v. *New York State Temporary Comm on Agric.* 308 N. Y. 683). It is equally clear that as the employee comes in closer proximity with his employment situs there develops a gray area where the risks of street travel merge with the risks attendant with employment and where the mere fact that the accident took place on a public road or sidewalk may not *ipso facto* negate the right to compensation (*Matter of Brienza* v. *Le Chase Constr. Corp.*, 17 A D 2d 83). Under the peculiar circumstances of a given case the risks attendant to employment may be for the board to determine as an exercise of its fact-finding powers. We have not held to the contrary in *Matter of Brienza* (*supra*) and *Matter of Carrasquilla* v. *Penn Akron Co.* (10 A D 2d 135). In both of those cases this court held merely that the board improperly made its determination on the grounds that *as a matter of law* an accident occurring on a public road or sidewalk was not compensable and did not exercise its fact-finding power. It is abundantly evident from the board's memorandum of decision that here it made a factual determination. As such, of course, our review is limited as to whether there is substantial evidence to support its determination. Here the issue is made somewhat close by the fact that at the point of collision the property on both sides of the public road belonged to the employer and that a parking lot for employees was just beyond the tracks. However, there is also proof that there were two parking lots closer or equally as close to decedent's particular employment situs which decedent passed before he reached the tracks and which if he had utilized, would have eliminated any necessity of crossing the tracks. On this state of the record the board could properly determine that the instant accident did not result from a risk of employment but from those risks encountered by all who utilized the highway. Decision affirmed, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.