■ In the Matter of the Claim of DOROTHY BORELLI, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed July 9, 1982. There is substantial evidence in the record to support the board's finding that claimant's injuries, sustained when she fell on the sidewalk after exiting her employer's premises on her way to lunch, arose out of and in the course of her employment. Its decision must, therefore, be affirmed. The fact that claimant's lunch hour had begun and she was exiting the premises in order to obtain her lunch does not, as the employer contends, necessarily remove her from the Workers' Compensation Law (see *Bagley v Gilbert,* 76 AD2d 955). Rather, the same rule should apply as in the case of an employee on his way to his place of employment at the beginning of the workday. Thus, where the employee is in close proximity to his employment situs, there exists " 'a gray area' where the risks of street travel merge with the risks attendant with employment and where the mere fact that the accident took place on a public road or sidewalk may not *ipso facto* negate the right to compensation" (*Matter of Husted v Seneca Steel Serv.,* 41 NY2d 140, 144). Under such circumstances, the test is "whether the accident happened as an incident and risk of employment" (*id.*). Applying this test, we have recently sustained board findings of work-related injuries where the employees slipped and fell on privately owned property near the employment situs while proceeding to work along the normal route which the employer knew or should have known had to be traveled in order to gain entrance to the work site (*Matter of Brooks v New York Tel. Co.,* 87 AD2d 701, affd 57 NY2d 643; *Matter of Neely v G. W. Morrison, Inc.,* 79 AD2d 803). Since claimant's fall occurred after she had walked some six steps upon exiting the door of the building where she worked, there can be little doubt that she remained in the "gray area" referred to by the court in *Husted (supra)*, despite the fact that she was beyond the actual property line. Claimant was traveling along a normal route of ingress and egress to the building when she fell. The fall was caused by a defect in a grating in the sidewalk. These factors — close proximity to the employment situs, normal route of ingress and egress, and special hazard along that route — are sufficient to sustain the board's decision (*Matter of Husted v Seneca Steel Serv., supra,* p 142). Moreover, the record shows that the employer was the owner of a condominium in the building and that it, along with other condominium owners, had assumed the responsibility, through its agent Tishman Management and Leasing, for maintenance and repair of the sidewalk, including the grating upon which claimant fell. Accordingly, there is a further rational basis for the board's decision (see *Matter of Vargas v Highwall Metal & Spinning & Stamping Co.,* 62 AD2d 1102). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.