■ In the Matter of the Claim of JOHN BUECHI, Respondent, v ARCATA GRAPHICS, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeals from decisions of the Workers' Compensation Board, filed December 4, 1979 and August 13, 1982. On February 13, 1978, claimant, an inside employee at Arcata Graphics, a printing plant located in Depew, New York, left his place of employment at the end of the 3:30 to 11:30 P.M. shift. He exited the plant premises at the west entrance to the plant parking lot, it being his intention to walk to a parking area outside of the plant where by prearrangement his wife would pick him up. He was struck by an automobile and sustained serious injuries. Immediately in front of the west entrance is the George Urban Boulevard, a public thoroughfare with two traffic lanes running east and west. The space between the plant and the boulevard is occupied by an employee parking lot. To enter or exit the plant, employees must cross the parking lot which has entrances onto the boulevard located at both the east and west ends of the lot. To facilitate the movement of employees into and out of the plant, the employer received permission from the town to install a traffic light on the George Urban Boulevard at the west entrance to the parking lot. The light is controlled by a timer located within the plant and is synchronized to the employees' shift changes. The traffic light is controlled, operated and maintained by the employer and for approximately one and one-half to two hours before and after each shift change the light operates in the red and green mode. At all other times the light flashes red and yellow. On July 19, 1978, claimant filed for benefits contending that the accident had occurred in the precincts of his employment. The claim was originally disallowed by the referee. Upon review, the board unanimously reversed and established the compensability of the injuries. The sole issue for our consideration on this

appeal by the employer is whether claimant was within the range of dangers associated with his employment at the point when the accident occurred, thereby entitling him to compensation benefits. While the general rule is that accidents occurring on the public highway, away from the place of employment and outside regular working hours, do not arise out of and in the course of employment, it is equally true that, as the employee comes in closer proximity with his employment situs, there develops a "gray area" where the risks of street travel merge with the risks attendant with employment and where the mere fact that the accident took place on a public road or sidewalk may not *ipso facto* negate the right to compensation. The test is whether the accident happened as an incident and risk of employment (*Matter of Husted v Seneca Steel Serv.*, 41 NY2d 140, 144). Here, claimant was exiting the plant premises along a normal route, albeit not the sole route, when the accident happened. Therefore, since the normal route, the west entrance to the parking lot, was marked by a special hazard, as evidenced by the employer obtaining permission from the town to erect and maintain a traffic light at that exit to protect its employees, the special hazard became a hazard of claimant's employment (see 1 Larson, Workmen's Compensation Law, § 15.13, pp 4-7). This exception to the premises rule contains two components, both of which are present here. The first component is the presence of a special hazard in the nature of heavy vehicular traffic along both lanes of the boulevard. The second component is the close association of the exit route with the premises. The issue of whether claimant had proceeded such a distance away from the "gray area" of the special hazard when the accident occurred so as not to invoke the exception to the off-premises rule was factual in nature and we see no need to interfere with the board's finding in favor of claimant. Decisions affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.