■ In the Matter of the Claim of HARVEY JACOBS, Respondent, v DELLWOOD FOODS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Main, J. Appeal from a decision of the Workers' Compensation Board, filed November 22, 1985.

Claimant, a truck driver for Dellwood Foods, the employer herein, was injured on February 25, 1983 when one of Dellwood's trucks ran over his foot. The record reveals that on that date, claimant finished working at approximately 11:30 A.M. He left Dellwood's office and crossed the street to a lunch wagon, where he purchased his lunch. He then recrossed the street and began walking to Dellwood's parking lot. This lot was located on the same side of the street as Dellwood's office and approximately two tenths of a mile away. In order to reach the lot, claimant walked along the public sidewalk. En route, he encountered a Dellwood truck parked partially on the sidewalk. The truck began to move and claimant sustained his injury. Thereafter, claimant apparently decided to pursue a claim against Dellwood under the Workers' Compensation Law. Following a hearing, the Workers' Compensation Board made an award to claimant.

Five months later, claimant applied to the Board to rescind the award on the ground that the accident did not occur within the scope of his employment. It is apparent that claimant seeks rescission so that he may maintain a negligence action against Dellwood. A hearing was held and the Board reversed its prior decisions, determining that the accident did not arise in the course of employment, and that claimant was thus not entitled to compensation. This appeal by Dellwood and its carrier ensued.

Initially, we note that claimant could properly request the Board to rescind its prior decisions. Under Workers' Compensation Law § 123, the Board has continuing jurisdiction over a case and a claimant is entitled to petition the Board for reconsideration of its determination (see, Cunningham v State of New York, 60 NY2d 248, 253; O'Connor v Midiria, 55 NY2d 538, 541). However, we are of the opinion that the Board erred in finding that this accident did not occur in the course of claimant's employment. As a general rule, accidents occurring on a public street, away from the place of employment and outside working hours, are not considered to have arisen in the course of employment (Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 144). However, as the employee approaches his place of employment, a "gray area" develops, and the mere fact that an accident occurred on a public street or sidewalk will not necessarily negate the right to compensation (supra; Matter of Buechi v Arcata Graphics, 97 AD2d 579, 580). Thus, the test of compensability in this "gray area" is whether the accident happened as an incident and risk of employment (Matter of Husted v Seneca Steel Serv., supra). In determining this, we must consider (1) whether there is a special hazard present and (2) whether the route being taken by claimant has a close association with the employment premises (Matter of Buechi v Arcata Graphics, supra). Both elements are present here. The special hazard was the presence of the Dellwood truck which was parked partially on the sidewalk. In addition, claimant was proceeding to the parking lot along a normal route: the sidewalk between Dellwood's office and its parking lot, both of which are on the same side of the street.*

We do note that this accident did not occur near the

---

* We note that claimant asserts that he deviated from this route by crossing the street, purchasing his lunch, and then recrossing the street. We do not see this deviation as having any bearing on the issue of whether claimant was proceeding on the "normal" route. It is undisputed that at the time of the accident, claimant was in fact on the sidewalk between the office

entrance to Dellwood's office building; however, it is not necessary that the accident occur in very close proximity to the entrance in order to be compensable (cf., *Matter of Bernard v Holiday House of Sloatsburg,* 110 AD2d 941 [claimant worked at restaurant on northbound side of Thruway, was injured on southbound side of Thruway before reaching overpass]; *Matter of Brooks v New York Tel. Co.,* 87 AD2d 701, *affd* 57 NY2d 643 [claimant injured in privately owned parking lot adjacent to employer's premises]). In light of the fact that claimant was proceeding between Dellwood's office and Dellwood's parking lot, we do not consider this accident to have occurred outside the "gray area" for which compensation is obtainable. Accordingly, the Board's determination reversing its prior decisions should itself be reversed.

Decision reversed, on the law, without costs, and decisions of the Workers' Compensation Board filed April 19, 1984 and July 20, 1984 reinstated. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.

---

and the parking lot, not in the midst of his deviation. Thus, he was on the normal route at the time of the accident. We see no reason to differentiate between this case and a case in which a different employee did not momentarily deviate from the normal route.