■ In the Matter of the Claim of Nancy S. Davenport, Appellant, v New York State Senate et al., Respondents. Workers' Compensation Board, Respondent. [725 NYS2d 726] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed March 30, 2000, which ruled that claimant's injury did not arise out of and in the course of her employment and denied her claim for workers' compensation benefits.

Claimant was injured in a fall that occurred at the end of her work day when she exited the building where her employer was a tenant and she stepped into a pot hole in the street while attempting to enter a car that had stopped to give her a ride. On this appeal from a decision of the Workers' Compensation Board denying her claim for workers' compensation benefits, claimant contends that the Board erred in finding that her injury did not arise out of and in the course of her employment. We disagree.

While accidents that occur on a public street away from the place of employment and outside working hours generally are not considered to have arisen out of and in the course of employment, "it is equally true that, as the employee comes in closer proximity with his employment situs, there develops 'a gray area' where the risks of street travel merge with the risks attendant with employment" (*Matter of Husted v Seneca Steel Serv.*, 41 NY2d 140, 144). The test is "whether the accident happened as an incident and risk of employment" (*id.*, at 144). This Court has recognized that the test is satisfied where the injury occurs near the place of employment while the employee is "proceeding to [or from] work along the normal route which the employer knew or should have known had to be traveled in order to gain entrance to the work site" (*Matter of Borelli v New York Tel. Co.*, 93 AD2d 940).

In this case, there is no evidence that claimant's injury occurred along the normal route that had to be traveled. She exited the building in which her employer leased space and she safely negotiated the public sidewalk used for ingress and egress. There is no evidence that the point at which claimant stepped off the sidewalk and into the pot hole in the street was along a specific path provided for access to the building (*cf.*, *Marquette v New York Tel. Co.*, 122 AD2d 479). Nor did the pot hole constitute a particular risk not shared generally by the public to which claimant was exposed in order to enter or leave her place of employment (*cf.*, *Matter of Husted v Seneca Steel Serv.*, *supra*, at 145). Claimant's injury did not occur in an area under the employer's control (*cf.*, *Matter of Arana v Hillside Manor-Nursing Ctr.*, 251 AD2d 715; *Matter of Borelli v New York Tel. Co.*, *supra*) or along a route that the employer encouraged claimant to use (*cf.*, *Matter of Thatcher v Crouse-Irving Mem. Hosp.*, 253 AD2d 990; *Matter of Konti v New York City Tr. Auth.*, 111 AD2d 1073). " 'A purely fortuitous coincidence of time and place is not enough. There must be' a causal relationship or nexus between the accident and the employment" (*Matter of Lemon v New York City Tr. Auth.*, 72 NY2d 324, 327, quoting *Matter of Connelly v Samaritan Hosp.*, 259 NY 137, 139). In the absence of such a relationship or nexus, there is no basis to disturb the Board's decision (*see*, *Matter of Stead v Rockland County*, 195 AD2d 668).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.