■ In the Matter of the Claim of OLIVE MOORE, Appellant, v OGDEN ALLIED et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [726 NYS2d 752] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed December 1, 1999, which ruled that claimant did not sustain an accidental injury arising out of and in the course of her employment.

Claimant, an office cleaner, was proceeding through the Concourse of the World Trade Center in Manhattan on her way to work on the fourth floor of One World Trade Center on January 24, 1995 when she slipped on the Concourse floor and was injured. Her claim for workers' compensation benefits was initially granted after a hearing. On appeal, however, the Workers' Compensation Board reversed and denied her claim for benefits concluding that "claimant's accident did not arise out of and in the course of employment" as "claimant was not injured in close physical proximity to her worksite and the location cannot be considered 'part and parcel' of the entrance to the employer's premises." Consequently, the Board concluded that claimant failed to establish "a sufficient nexus in time and place between the Main Concourse of the World Trade Center and the employer's premises as to render claimant's accident compensable as occurring within the precincts of her employment."

For an injury to be compensable under the Workers' Compensation Law, it must have arisen both out of and in the course of employment (Workers' Compensation Law §§ 10, 2 [7]). Generally speaking, employees are not deemed to be acting within the scope of their employment while traveling to and from work, absent a sufficient nexus or connection in time and place with the employer's premises or the entrance to the premises (see, *Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 474-475; *see also, Matter of Greene v City of New York Dept. of Social Servs.*, 44 NY2d 322, 325; *Matter of Malacarne v City of Yonkers Parking Auth.*, 41 NY2d 189, 194). However, this general rule is subject to certain well-recognized exceptions, including that "as the employee comes in closer proximity with [her] employment situs, there develops 'a gray area' where the risks of street travel merge with the risks attendant with employment and where the mere fact that the accident took place on a public road or sidewalk may not *ipso facto* negate the right to compensation" (*Matter of Husted v Seneca Steel Serv.*, 41 NY2d 140, 144; *Matter of Jacobs v Dellwood Foods*, 130 AD2d 848, 849, *lv denied* 70 NY2d 608). Thus, "[w]hen the employee advances to the point where [she] is engaging in an act or series of acts which are part and parcel of the entrance into the employment premises, the test of compensability is whether there is such a relationship existing between the accident and the employment as to bring the former within the range of the latter," that is, "the accident happened as an incident and risk of employment" (*Matter of Husted v Seneca Steel Serv., supra*, at 144; *see, Matter of Marquette v New York Tel. Co.*, 122 AD2d 479, 480). Recovery has generally been up-

held for injuries sustained while traveling to and from work along a normal access route where some reasonable nexus, i.e., a "causal relation, a distinct 'arising out of' " (*Matter of Husted v Seneca Steel Serv., supra*, at 145), is established between the risk to which claimant was exposed and the employment (*see, Matter of Lemon v New York City Tr. Auth.*, 72 NY2d 324, 327; *Matter of Thatcher v Crouse-Irving Mem. Hosp.*, 253 AD3d 990, 991; *Matter of Marquette v New York Tel. Co., supra*, at 479; *Matter of Bernard v Holiday House*, 110 AD2d 941; *Matter of Buechi v Arcata Graphics*, 97 AD2d 579; *Matter of Borelli v New York Tel. Co.*, 93 AD2d 940).

Here, claimant testified that while on her way to work, she exited the 8th Avenue subway train at approximately 3:45 P.M. and, using the subway entrance, entered the Concourse. At the time of her fall, she was en route to punch in at her employer's office on the fourth floor of One World Trade Center where she was scheduled to begin work at 4:30 P.M., usually cleaning the 82nd, 83rd and 84th floors of that building. She indicated that she fell in the Concourse while walking toward the elevator to go to the fourth floor, and identified the location of her fall in the Concourse as near a drug store, which she named. The record, however, is devoid of any other evidence to establish the relative location of her fall in the Concourse or its proximity to the building in which she worked—One World Trade Center (*cf., Matter of Marquette v New York Tel. Co., supra*).

While the precise distance between claimant's fall in the Concourse and One World Trade Center is not, by itself, determinative (*see, Matter of Husted v Seneca Steel Serv., supra*, at 145), very close proximity to the entrance of the employment site is not required (*see, Matter of Jacobs v Dellwood Foods*, 130 AD2d 848, *supra* [two tenths of a mile is within "gray area"]; *see also, Matter of Thatcher v Crouse-Irving Mem. Hosp., supra*, at 991 [private lot next door to employment site, internally connected]; *see, e.g., Matter of Konti v New York City Tr. Auth.*, 111 AD2d 1073 [200 yards within precincts of employment]), only a "close association" between the access route and the employment premises (*see, Matter of Husted v Seneca Steel Serv., supra*, at 142; *Matter of Jacobs v Dellwood Foods, supra*, at 849; *Matter of Buechi v Arcata Graphics, supra*, at 580). Here, in the absence of substantial record evidence to support the Board's central determination that claimant was not injured "in close proximity to her worksite" and that the location of her fall—which is not established on this record— "cannot be considered 'part and parcel' of the entrance to the employer's premises," the Board's determination cannot be

sustained and the matter must be remitted for further development of the record (*see, Matter of Fisher [Levine]*, 36 NY2d 146, 150; *Matter of Merendino v Village of Pawling*, 152 AD2d 762, 764).

However, we perceive no basis to disturb the Board's conclusion that *Matter of Berkowitz v New York State Labor Relations Bd.* (67 AD2d 773)—affirming compensation for a claimant who fell in the Concourse of One World Trade Center—is distinguishable as involving a claimant on a special errand for her employer, located in the World Trade Center, at the time of her fall.

Cardona, P. J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.