■ In the Matter of the Claim of ANDREW ANOWAI, Appellant, v HOLIDAY INN et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [768 NYS2d 399]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed January 3, 2002, which ruled that claimant did not sustain an accidental injury arising out of and in the course of his employment.

Claimant worked as a security officer at a Manhattan hotel. Shortly after concluding his shift on July 28, 2000, he left the hotel through the service entrance and walked a short distance when he was struck on the head by a piece of the facade from an adjacent building. As a result of his injuries, he filed a claim for workers' compensation benefits. Following a hearing, a Workers' Compensation Law Judge ruled that the accident arose out of and in the course of claimant's employment because it occurred within an area of egress and ingress to the work location. The Workers' Compensation Board disagreed and reversed, prompting this appeal.

While employees are generally deemed not to be acting within the scope of their employment while traveling to and from work (*see Matter of Moore v Ogden Allied*, 284 AD2d 624, 625 [2001]), "it is equally true that, as the employee comes in closer proximity with his employment situs, there develops 'a gray area' where the risks of street travel merge with the risks attendant

with employment and where the mere fact that the accident took place on a public road or sidewalk may not *ipso facto* negate the right to compensation" (*Matter of Husted v Seneca Steel Serv.*, 41 NY2d 140, 144 [1976]; *see Matter of Buechi v Arcata Graphics*, 97 AD2d 579, 580 [1983]). "[T]he test of compensability is whether there is such a relationship existing between the accident and the employment as to bring the former within the range of the latter or, stated differently, whether the accident happened as an incident and risk of employment" (*Matter of Husted v Seneca Steel Serv., supra* at 144 [citation omitted]; *see Matter of Moore v Ogden Allied, supra* at 625). Notably, the Board in the exercise of its fact-finding powers has the authority to make a discretionary determination of the risks attendant to employment under the particular circumstances of a case (*see Matter of Patti v Republic Aviation Corp.*, 20 AD2d 939, 939 [1964], *lv denied* 14 NY2d 488 [1964]; *see also* 110 NY Jur 2d, Workers' Compensation § 430).

Here, claimant's duties as a security officer did not entail patrolling the area outside the hotel. Claimant testified that, after punching out at the end of his shift, he left the hotel via the exit designated for employees and began walking down the public street. He stated that he was approximately four feet past the second freight entrance to the building next to the hotel when he was struck by "something" and "became unconscious." Under the particular circumstances of this case, including the facts that, inter alia, claimant was in front of an entirely separate building at the time of the mishap and the hazard which struck him came from a building out of his employer's control, we find no reason to interfere with the Board's factual finding that the accident did not occur as an incident or risk of claimant's employment (*compare Matter of Borelli v New York Tel. Co.*, 93 AD2d 940 [1983]). Therefore, we decline to disturb the Board's decision.

Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.