■ In the Matter of the Claim of JOSEPH BETRO, Appellant, v SALOMON SMITH BARNEY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [779 NYS2d 147]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed January 8, 2003, which ruled that claimant's injury did not arise out of and in the course of his employment and denied his claim for workers' compensation benefits.

Claimant, a senior business analyst, filed a claim for workers' compensation benefits in October 2001, alleging that the close proximity of his workplace to the September 11, 2001 terrorist attacks on the World Trade Center in Manhattan had caused him to develop posttraumatic stress disorder and rendered him unable to return to work. Following a hearing and the submission of medical reports by claimant's treating physician and the physician retained by the employer's workers' compensation carrier, both of whom opined that claimant suffered from posttraumatic stress disorder causally related to the events of September 11th, a Workers' Compensation Law Judge established the claim and awarded claimant workers' compensation benefits. The Workers' Compensation Board reversed, finding, as a matter of law, that an insufficient nexus existed between the exit route that claimant chose to take away from the dangers presented and his employer's premises. Claimant appeals.

On appeal, claimant contends that his posttraumatic stress disorder is compensable because, notwithstanding his safe and uneventful evacuation from his building, the special hazards posed by the terrorist attacks and his unavoidable exposure thereto as a result of the nearness of his workplace required his employer to arrange for his removal from Manhattan altogether. Claimant further argues that his psychological distress was actually exacerbated by the employer's decision to evacuate the building in which he worked, because it increased his risk of getting injured by the collapsing World Trade Center structures. For the reasons stated below, we find no merit to these claims and affirm the Board's decision.

At the hearing, claimant testified that his workplace was located in a building some four or five blocks away from the World Trade Center. He did not observe the collision of the first terrorist-controlled plane with the North Tower, but learned of the incident from his coworkers. Claimant uneventfully followed the employer's instructions to evacuate the building, vacated the employer's premises and ventured "over about 50 feet" to an adjoining public street in order to better observe the destruction. By claimant's own admission, he then lingered at this spot for approximately 20 to 30 minutes, possibly longer, before deciding to head north out of lower Manhattan and board a commuter ferry to New Jersey.

In our view, this testimony provides substantial evidence supporting the Board's determination that claimant's progress away from his workplace was sufficient to sever any association between his employment and his injury and, thus, his posttraumatic stress disorder could not be said to have arisen out of and in the course of his employment. In general, "accidents occurring on a public street, away from the place of employment and outside working hours, are not considered to have arisen in the course of employment" (*Matter of Jacobs v Dellwood Foods*, 130 AD2d 848, 849 [1987], *lv denied* 70 NY2d 608 [1987]; *see Matter of Husted v Seneca Steel Serv.*, 41 NY2d 140, 144 [1976]). There are exceptions to this rule, however, which fall within the "gray area" wherein the "risks of street travel merge with the risks attendant with employment" (*Matter of Husted v Seneca Steel Serv., supra* at 144). To navigate this area, courts must additionally consider whether (1) there was a special hazard present, and (2) if the route taken by claimant had a close association with the premises of his employer (*see id.* at 142; *Matter of Jacobs v Dellwood Foods, supra* at 849).

On the particular facts of this case, we discern no basis to disturb the Board's conclusion that claimant's observation of

the devastation caused by the terrorist attacks, most of which was voluntarily extended by claimant's lingering at the site and occurred on a side street some 50 feet or more from his employer's premises, was not sufficiently closely associated with his employment such that the onset of his posttraumatic stress disorder happened as " 'an incident and risk of employment' " (*Matter of Davenport v New York State Senate*, 283 AD2d 880, 881 [2001], quoting *Matter of Husted v Seneca Steel Serv., supra* at 144; *see Matter of Anowai v Holiday Inn*, 2 AD3d 994, 995 [2003]). There is no evidence in this record that claimant's chosen path, which brought him closer to the World Trade Center, was a normal route which the employer "knew or should have known had to be traveled in order to [exit] the work site" (*Matter of Borelli v New York Tel. Co.*, 93 AD2d 940, 940 [1983]; *see Matter of Davenport v New York State Senate, supra* at 881 [2001]; *compare Matter of Maloney v Reynolds Metal*, 141 AD2d 948, 949 [1988]). As the required nexus between claimant's injury and his employment has not been established, we decline to disturb the Board's decision. Claimant's remaining argument has been considered and rejected as without merit.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.