■ In the Matter of the Claim of MICHAEL HARRIS, Appellant, v NEW YORK STATE OFFICE OF GENERAL SERVICES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [786 NYS2d 242]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed November 20, 2003, which ruled that claimant did not sustain an accidental injury arising out of and in the course of his employment.

Claimant was employed as a tour guide for the Office of General Services and worked in the State Capitol Building located in the City of Albany. He had a permit to park his car in the East garage, a state-owned parking facility located approximately 1½ blocks from the Madison Avenue entrance to the state office concourse. On the morning of December 30, 2002, while en route to his job, claimant parked his car in the East garage and, after exiting onto Madison Avenue, slipped and fell on ice. He filed a claim for workers' compensation benefits after sustaining an injury to his right shoulder during the fall. Following a hearing, a Workers' Compensation Law Judge established the case for an injury to claimant's right shoulder. The Workers' Compensation Board reversed this decision, finding that claimant did not sustain an accidental injury arising out of and in the course of his employment. Claimant now appeals.

"As a general rule, accidents occurring on a public street, away from the place of employment and outside working hours, are not considered to have arisen in the course of employment" (*Matter of Jacobs v Dellwood Foods,* 130 AD2d 848, 849 [1987],

*lv denied* 70 NY2d 608 [1987]; *see Matter of Husted v Seneca Steel Serv.,* 41 NY2d 140, 144 [1976]). However, "as the employee comes in closer proximity with his [or her] employment situs, there develops 'a gray area' where the risks of street travel merge with the risks attendant with employment and where the mere fact that the accident took place on a public road or sidewalk may not *ipso facto* negate the right to compensation" (*Matter of Husted v Seneca Steel Serv., supra* at 144; *see Matter of Moore v Ogden Allied,* 284 AD2d 624, 625 [2001]). "[T]he test of compensability in this 'gray area' is whether the accident happened as an incident and risk of employment" (*Matter of Jacobs v Dellwood Foods, supra* at 849; *see Matter of Moore v Ogden Allied, supra* at 625). That is, there must be (1) "a special hazard at the particular off-premises point" and (2) a "close association of the access route with the premises, so far as going and coming are concerned" (*Matter of Husted v Seneca Steel Serv., supra* at 142; *see Matter of Jacobs v Dellwood Foods, supra* at 849).

Here, the latter requirement is satisfied inasmuch as the route taken by claimant from the East garage to the concourse is a direct and convenient means of access and is one that is normally used by many employees to get to state offices. There is no evidence, however, that any special hazard was present at the site of the accident. Claimant fell on ice on the public street outside the garage, a danger that existed to any passerby traveling along the street in that location (*cf. Matter of Husted v Seneca Steel Serv., supra* at 145). Indeed, there is no evidence that any work-related hazard was present. Thus, we conclude that substantial evidence supports the Board's finding that claimant did not sustain an accidental injury arising out of and in the course of employment.

Crew III, Spain, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.