■ In the Matter of the Claim of ANGELA D. FIERO, Appellant, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [823 NYS2d 290]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed May 6, 2005, which, inter alia, ruled that the death of claimant's decedent did not arise out of and in the course of his employment and denied the claim for workers' compensation death benefits.

Claimant's husband (hereinafter decedent) was employed by the New York City Department of Housing Preservation and Development at its office located at 100 Gold Street in New York City. Because decedent had a heart condition, his employer arranged for him to park in a parking lot directly across the street from the office so that he could avoid walking a long distance. On the morning of September 5, 2003 after parking

his car, decedent was walking across Gold Street to get to the office when he was struck by a truck. As a result of injuries suffered in the accident, he died 16 days later. Thereafter, claimant filed a claim for workers' compensation benefits on decedent's behalf as well as a claim for workers' compensation death benefits. Following a hearing, a Workers' Compensation Law Judge established the case for accident, notice and causal relationship for injuries to decedent's head, face, torso and consequential death and awarded claimant benefits. On appeal, the Workers' Compensation Board reversed this decision, finding that the accident causing decedent's injuries and death did not arise out of and in the course of his employment. Claimant appeals.

To be compensable under the Workers' Compensation Law, an employee's injury and resulting death must arise out of and in the course of his or her employment (*see* Workers' Compensation Law § 2 [7], [8]; § 10 [1]). Generally, "accidents occurring on the public highway, away from the place of employment and outside regular working hours, do not arise out of and in the course of employment" (*Matter of Husted v Seneca Steel Serv.*, 41 NY2d 140, 144 [1976]). However, the courts have recognized that "as the employee comes in closer proximity with [the] employment situs, there develops 'a gray area' where the risks of street travel merge with the risks attendant with employment and where the mere fact that the accident took place on a public road or sidewalk may not *ipso facto* negate the right to compensation" (*id.* at 144; *see Matter of Jacobs v Dellwood Foods*, 130 AD2d 848, 849 [1987], *lv denied* 70 NY2d 608 [1987]). Within this gray area, the test of compensability is whether "the accident happened as an incident and risk of employment" (*Matter of Husted v Seneca Steel Serv., supra* at 144; *see Matter of Davenport v New York State Senate*, 283 AD2d 880, 881 [2001]). More specifically, "there must be (1) 'a special hazard at the particular off-premises point' and (2) a 'close association of the access route with the premises, so far as going and coming are concerned' " (*Matter of Harris v New York State Off. of Gen. Servs.*, 13 AD3d 796, 797 [2004], quoting *Matter of Husted v Seneca Steel Serv., supra* at 142).

Here, there was no evidence that a special hazard existed at the off-premises location where decedent was struck; rather, the risk of being struck by vehicular traffic in this location was shared by the public in general and was not specific to this place of employment (*see Matter of Harris v New York State Off. of Gen. Servs., supra*). Furthermore, there is nothing to indicate that the route he traveled to cross the street was a route con-

trolled, endorsed or anticipated by the employer or was otherwise associated with access to such premises (see *Matter of Davenport v New York State Senate, supra*; cf. *Matter of Thatcher v Crouse-Irving Mem. Hosp.*, 253 AD2d 990, 991 [1998]). Accordingly, inasmuch as the record evidence reflects that the accident was totally coincidental and not a work-related hazard, substantial evidence supports the Board's finding that decedent's injuries and resulting death did not arise out of and in the course of his employment (see *Matter of Davenport v New York State Senate, supra*; see also *Matter of White v Consolidated Aircraft Corp.*, 242 App Div 712 [1934], *affd* 266 NY 554 [1935]; cf. *Matter of Borelli v New York Tel. Co.*, 93 AD2d 940 [1983]).

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.