■ In the Matter of the Claim of AUDREY CUSHION, Appellant, v BROOKLYN BOTANIC GARDEN et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [847 NYS2d 307]—

Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed December 21, 2006, which ruled that claimant did not sustain an accidental injury arising out of and in the course of her employment.

While en route home from work at the end of her shift, claimant was injured when she fell on a broken portion of a sidewalk located in the parking lot adjacent to her place of employment, the Brooklyn Botanic Garden. The parking lot, which was owned by the neighboring Brooklyn Museum of Art, was a public lot used by patrons of both the employer and the museum for a fee and was available for employees of both entities free of charge. Claimant did not park a car in the parking lot, but walked through the lot daily in order to get to and from a nearby subway station.

Claimant filed a claim for workers' compensation benefits and, following a hearing, a Workers' Compensation Law Judge established the case for a work-related injury to claimant's right elbow. The Workers' Compensation Board reversed this decision, finding that claimant did not sustain an injury arising out of and in the course of her employment. Claimant now appeals.

Generally, accidents that occur in public areas away from the place of employment and during non-work hours do not arise out of and in the course of employment (see Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 144 [1976]; Matter of Harris v New York State Off. of Gen. Servs., 13 AD3d 796, 796 [2004]). However, "as the employee comes in closer proximity with his [or her] employment situs, there develops 'a gray area' where the risks of street travel merge with the risks attendant with employment and where the mere fact that the accident took

place on a public road or sidewalk may not *ipso facto* negate the right to compensation" (*Matter of Husted v Seneca Steel Serv.*, 41 NY2d at 144; *accord Matter of Fiero v New York City Dept. of Hous. Preserv. & Dev.*, 34 AD3d 911, 912 [2006]; *Matter of Harris v New York State Off. of Gen. Servs.*, 13 AD3d at 797). An accident occurring in this "gray area" is compensable if it occurred as an incident and risk of employment, i.e., "there must be (1) 'a special hazard at the particular off-premises point' and (2) a 'close association of the access route with the premises, so far as going and coming are concerned' " (*Matter of Harris v New York State Off. of Gen. Servs.*, 13 AD3d at 797, quoting *Matter of Husted v Seneca Steel Serv.*, 41 NY2d at 142; *see Matter of Jacobs v Dellwood Foods*, 130 AD2d 848, 849 [1987], *lv denied* 70 NY2d 608 [1987]).

Here, claimant had passed through the employer's entrance gate and was traversing a sidewalk in a public parking lot when she fell. While there may have been a close association with the employment premises, evidence was presented that the entrance gate was also used by the general public, in order to enter the botanic garden from the parking lot. Inasmuch as there is substantial evidence that the risk of injury from the broken section of sidewalk was not a special hazard, but a risk shared with the general public, we find no basis to disturb the Board's decision (*see Matter of Harris v New York State Off. of Gen. Servs.*, 13 AD3d at 797; *see also Matter of Davenport v New York State Senate*, 283 AD2d 880, 881 [2001]).

Cardona, P.J., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.