■ In the Matter of the Claim of WANDELL LITTLES, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [877 NYS2d 505]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed February 28, 2008, which ruled that claimant did not sustain an accidental injury arising out of and in the course of her employment.

While en route to her job at a prison, claimant was injured when she was involved in an automobile accident approximately 10 feet from the entrance to the facility. She had not yet reached the entrance gate. The two-way street on which she was traveling was abutted by parking for the facility and living accommodations for employees. Claimant applied for workers' compensation benefits and, after a hearing, a Workers' Compensation Law Judge established the claim. Upon review, the Workers' Compensation Board reversed and found that claimant did not sustain an accidental injury arising out of and in the course of her employment. Claimant appeals.

In general, "accidents that occur in public areas away from the place of employment and during non-work hours do not arise out of and in the course of employment" (*Matter of Cushion v Brooklyn Botanic Garden*, 46 AD3d 1095, 1095 [2007], *lv denied* 10 NY3d 704 [2008]; *see Matter of Husted v Seneca Steel Serv.*, 41 NY2d 140, 144 [1976]). Where, as here, the accident occurred near claimant's place of employment, "there develops 'a gray area' where the risks of street travel merge with the risks attendant with employment and where the mere fact that the accident took place on a public road or sidewalk may not *ipso facto* negate the right to compensation" (*Matter of Husted v Seneca Steel Serv.*, 41 NY2d at 144, quoting *Matter of Patti v Republic Aviation Corp.*, 20 AD2d 939 [1964], *lv denied* 14 NY2d 488 [1964]). Such an accident is a compensable incident and risk of employment if there is a demonstration of "(1) 'a special hazard at the particular off-premises point' and (2) a 'close association of the access route with the premises, so far as going and coming are concerned' " (*Matter of Harris v New York State Off. of Gen. Servs.*, 13 AD3d 796, 797 [2004], quoting *Matter of Husted v Seneca Steel Serv.*, 41 NY2d at 142; *see Matter of Cushion v Brooklyn Botanic Garden*, 46 AD3d at 1096).

Here, while the street where the accident occurred was in close proximity to the employer's premises, no evidence was provided to show that the street was closed to the public or otherwise controlled by the employer, that workers were encouraged to use it or that it existed solely to provide access to the prison (*see Matter of Fiero v New York City Dept. of Hous.*

*Preserv. & Dev.*, 34 AD3d 911, 912-913 [2006]; *Matter of Davenport v New York State Senate*, 283 AD2d 880, 881 [2001]). Moreover, no evidence was presented to suggest that the accident in question was related to a special hazard connected to claimant's employment as opposed to a risk shared by the general public (*see Matter of Cushion v Brooklyn Botanic Garden*, 46 AD3d at 1096; *Matter of Harris v New York State Off. of Gen. Servs.*, 13 AD3d at 797). Under these circumstances, substantial evidence supports the Board's conclusion that claimant did not sustain an accidental injury arising out and in the course of her employment.

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.