In the Matter of the Claim of MATILDA A. FLORES, Respondent, v NEWSTAR APPAREL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [892 NYS2d 641]—

McCarthy, J.

Claimant was injured in a fall that occurred at the start of her workday when she slipped on ice in the entryway of the building where her employer was a tenant. Her application for workers' compensation benefits was denied by a Workers' Compensation Law Judge who determined, following a hearing, that claimant's accident did not occur within the precincts of her employment. Upon review, the Workers' Compensation Board reversed and subsequently denied an application from the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) for full Board review or reconsideration. These appeals ensued.

We affirm. Although injuries that occur while an employee is traveling to and from work are not generally compensable, an exception may lie in the "gray area" where the risks attendant with employment merge with those of street travel (see Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 144 [1976] [citation omitted]). "To navigate this area, courts must additionally consider whether (1) there was a special hazard present, and (2) if the route taken by claimant had a close association with the premises of [the] employer" (Matter of Betro v Salomon Smith Barney, 8 AD3d 847, 848 [2004] [citations omitted]; see Matter of Borelli v New York Tel. Co., 93 AD2d 940 [1983]). Here, claimant's uncontroverted testimony constitutes substantial evidence supporting the Board's determination that both requirements were satisfied. Indeed, contrary to the employer's assertion that she fell on a public sidewalk, claimant testified that she slipped on ice while attempting to open one of just two doors offering entry into the building. Claimant added, moreover, that the doorway was approximately 10 feet from the

sidewalk and used only by people who worked on the premises. Accordingly, we perceive no basis upon which to disturb the Board's decision (*see Matter of Arana v Hillside Manor-Nursing Ctr.*, 251 AD2d 715, 716 [1998]).

Finally, the employer's appeal from the Board's decision denying its request for reconsideration or full Board review is deemed abandoned inasmuch as the employer has failed to raise any issues with respect thereto in its brief (*see Matter of Lombardi v Brooklyn Union Gas Co.*, 306 AD2d 704, 706-707 [2003]).

Cardona, P.J., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the decisions are affirmed, without costs.