■ In the Matter of the Claim of THERESA A. O'NEIL, Appellant, v CITY OF ALBANY POLICE DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [916 NYS2d 313]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed June 1, 2009, which ruled that claimant's injury did not arise out of and in the course of her employment and denied her claim for workers' compensation benefits.

Claimant, a police officer, is expected to be present at roll call each morning at 8:15 A.M., when she receives her duty assignment for the ensuing work day. Approximately 15 minutes prior to that time on May 4, 2007, claimant injured her back reaching across the front seat of her personal vehicle, which was parked on a public street, to retrieve a bag filled with personal and work-related items. Claimant's subsequent application for workers' compensation benefits premised on the incident was denied by a workers' compensation law judge. The Workers' Compensation Board upheld that decision, prompting this appeal.

We affirm. In general, accidents that occur outside of work hours and in public areas away from the workplace are not compensable (*see Matter of Littles v New York State Dept. of Correc-*

*tions*, 61 AD3d 1266, 1267 [2009]). An exception to this rule exists in a "gray area" near the work site; the test of compensability then becomes "whether the accident happened as an incident and risk of employment" (*Matter of Husted v Seneca Steel Serv.*, 41 NY2d 140, 144 [1976]; *accord Matter of Fiero v New York City Dept. of Hous. Preserv. & Dev.*, 34 AD3d 911, 912 [2006]). "Notably, the Board in the exercise of its factfinding powers has the authority to make a discretionary determination of the risks attendant to employment under the particular circumstances of a case" (*Matter of Anowai v Holiday Inn*, 2 AD3d 994, 995 [2003] [citations omitted]).

Here, claimant maintains that her injury was work-related because the contents of her bag included a police radio, handcuffs and Penal Law books, all of which she needed to perform her duties as a police officer. Claimant acknowledged, however, that she was not required to bring such equipment home and could have left these things in a locker at work; she elected to keep them in her car while off-duty so she would always know where they were. Moreover, claimant stated that her bag also contained cans of soda, her lunch, spare clothing and a variety of other personal items. Finally, claimant testified that she was not considered on duty until the moment she entered the police station. In light of the foregoing, substantial evidence supports the Board's factual finding that claimant's accident did not occur as an incident or risk of her employment and we perceive no basis upon which to disturb it (*see id.*; *see generally Matter of Harris v New York State Off. of Gen. Servs.*, 13 AD3d 796, 797 [2004]).

Claimant's remaining arguments, to the extent not specifically addressed herein, have been reviewed and are determined to be without merit.

Rose, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.