■ In the Matter of the Claim of KARLA McLEOD, Appellant, v GROUND HANDLING, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [937 NYS2d 750]—

Peters, J.P.

Accidents that occur on a public street away from the place of employment and outside working hours generally are not considered to arise out of and in the course of employment (*see*

* Petitioner was 5 feet, 10 inches and weighed in excess of 300 pounds.

*Matter of Littles v New York State Dept. of Corrections*, 61 AD3d 1266, 1267 [2009]; *Matter of Harris v New York State Off. of Gen. Servs.*, 13 AD3d 796, 796 [2004]). However, where, as here, the accident occurred near the claimant's place of employment, "there develops a gray area where the risks of street travel merge with the risks attendant with employment and where the mere fact that the accident took place on a public road or sidewalk may not *ipso facto* negate the right to compensation" (*Matter of Husted v Seneca Steel Serv.*, 41 NY2d 140, 144 [1976] [internal quotation marks and citation omitted]). In order for a compensable incident and risk of employment to exist, "there must be (1) a special hazard at the particular off-premises point and (2) a close association of the access route with the premises, so far as going and coming are concerned" (*Matter of Fiero v New York City Dept. of Hous. Preserv. & Dev.*, 34 AD3d 911, 912 [2006] [internal quotation marks and citations omitted]).

Here, there is no indication that there was a special hazard at the point where the accident occurred. Although claimant used Airport Access Road to reach the employee parking lot, the record establishes that the road is a county road used by the general public to get to and from the airport and is not controlled by the employer. The accident, which occurred when another driver attempted to turn into a parking lot, is not related to any incident or risk of claimant's employment, but rather was a risk shared by the general public (*see Matter of Littles v New York State Dept. of Corrections*, 61 AD3d at 1268). Under these circumstances, substantial evidence supports the Board's finding that claimant did not sustain an injury arising out of and in the course of her employment.

Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.