Stein, J.P
Appeal from a decision of the Workers’ Compensation Board, filed December 19, 2012, which ruled that claimant’s injury did not arise out of and in the course of his employment and denied his claim for workers’ compensation benefits.
Claimant, a senior court officer, was injured shortly before the beginning of his work shift at the Clinton County Government Center on January 10, 2012, when he slipped and fell on ice. The incident occurred on a public sidewalk that he was traversing to reach the government center after parking his car on the street. Although the Workers’ Compensation Law Judge established the claim, the Workers’ Compensation Board denied *1165 his ensuing application for workers’ compensation benefits, finding that his injury did not arise out of and in the course of his employment. Claimant now appeals.
We affirm. “Accidents that occur on a public street away from the place of employment and outside working hours generally are not considered to arise out of and in the course of employment” (Matter of McLeod v Ground Handling, Inc., 92 AD3d 1074, 1074 [2012] [citations omitted]; see Matter of Stratton v New York State Comptroller, 112 AD3d 1081, 1082 [2013]). Inasmuch as the accident here occurred near claimant’s place of employment, his claim falls within “a gray area where the risks of street travel merge with the risks attendant with employment and where the mere fact that the accident took place on a public road or sidewalk may not ipso facto negate the right to compensation” (Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 144 [1976] [internal quotation marks and citation omitted]; accord Matter of McLeod v Ground Handling, Inc., 92 AD3d at 1075). In order for an incident to be compensable under those circumstances, “there must be (1) a special hazard at the particular off-premises point and (2) a close association of the access route with the premises, so far as going and coming are concerned” (Matter of Harris v New York State Off. of Gen. Servs., 13 AD3d 796, 797 [2004] [internal quotation marks and citation omitted]; see Matter of McLeod v Ground Handling, Inc., 92 AD3d at 1075; Matter of Littles v New York State Dept. of Corrections, 61 AD3d 1266, 1267 [2009]).
While the public sidewalk here was near the government center, it was open to the public and there was no showing that it was “otherwise controlled by the employer, that workers were encouraged to use it or that it existed solely to provide access to the” workplace (Matter of Littles v New York State Dept. of Corrections, 61 AD3d at 1267). The ice on the sidewalk, moreover, constituted “a danger that existed to any passerby traveling along the [sidewalk] in that location” and bore no relation to claimant’s employment (Matter of Harris v New York State Off. of Gen. Servs., 13 AD3d at 797; see Matter of Cushion v Brooklyn Botanic Garden, 46 AD3d 1095, 1096 [2007], lv denied 10 NY3d 704 [2008]). Substantial evidence accordingly supports the Board’s determination that claimant’s accident did not occur in the course of his employment. Contrary to claimant’s contention, the fact that he was directed to travel to another court facility after he arrived at work on the day in question does not compel a different result (see e.g. Matter of Giannousis v United Cerebral Palsy, 301 AD2d 945, 946 [2003]).
Claimant’s remaining contention has been considered and rejected.
*1166 McCarthy, Rose and Egan Jr., JJ., concur.
Ordered that the decision is affirmed, without costs.