Siegel v Garibaldi (2018 NY Slip Op 01239)





Siegel v Garibaldi


2018 NY Slip Op 01239


Decided on February 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2018

525372

[*1]ERIC S. SIEGEL, Appellant,
v
CHARLES A. GARIBALDI, Respondent.

Calendar Date: January 8, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Rusk, Wadlin, Heppner & Martuscello, LLP, Kingston (John G. Rusk of counsel), for appellant.
Law Offices of Alan B. Brill, PC, New City (Nadia N. Ali of counsel), for respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Fisher, J.), entered September 28, 2016 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.
Plaintiff commenced this negligence action seeking damages for personal injuries he sustained after being struck by a vehicle driven by defendant. The accident occurred as plaintiff was walking in a crosswalk on the campus of the Culinary Institute of America (hereinafter CIA) where both parties were employed. Just prior to the accident, plaintiff had completed his shift and was walking to the campus safety office to clock out. Defendant had closed the restaurant where he worked, entered his vehicle parked on campus and proceeded to drive home on Campus Drive towards the campus entrance at State Route 9,
approximately a quarter of a mile away. En route, defendant's vehicle struck plaintiff at the second pedestrian crosswalk. Both parties went to the nearby campus safety office, where the police and an ambulance were called. After issue was joined, Supreme Court granted defendant's motion for summary judgment and dismissed the complaint finding that the action was barred by Workers' Compensation Law § 29. Plaintiff appeals and we now reverse.
There is no dispute that plaintiff and defendant were
coemployees, that plaintiff was injured in the course of his employment and that he collected workers' compensation benefits for his injuries. Pursuant to Workers' Compensation Law § 29 (6), such benefits are the exclusive remedy for an employee injured "by the negligence or wrong of another in the same employ." The sole question presented is whether defendant was acting within the scope of his employment at the time of the accident so as to trigger the exclusivity [*2]provisions of the Workers' Compensation Law (see Maines v Cronomer Val. Fire Dept.,50 NY2d 535, 544 [1980]). The parties' submissions reveal that the accident occurred on Campus Drive, which plaintiff described as a ring road encircling the campus — a description consistent with the campus map submitted by defendant. Defendant essentially maintains that because Campus Drive is a private road maintained by the CIA, he necessarily was acting within the scope of his employment when the accident took place. There is support for the premise that going to or from work while on the employer's premises is considered an incident of the employment (see Matter of Swartz v Absolut Ctr. for Nursing & Rehab, 139 AD3d 1292, 1293 [2016]; Matter of Mercado v Schenectady City School Dist., 24 AD3d 846, 847 [2005]). By comparison, accidents occurring on a public street outside working hours are generally not considered to arise out of the employment absent some nexus between the access route and the employer's premises (see Matter of McLeod v Ground Handling, Inc., 92 AD3d 1074, 1074-1075 [2012]; see also Matter of Trotman v New York State Cts., 117 AD3d 1164, 1165 [2014]).
Even accepting that Campus Drive is a private road, the submissions demonstrate that the CIA encourages the public to frequent the restaurants on campus and it opened up Campus Drive for general use by the public. There is nothing in this record indicating that the accident was precipitated by any special hazard or incident related to defendant's employment. To the contrary, the accident allegedly occurred when defendant slowed down but did not stop as plaintiff was in the crosswalk. Such an accident is a common risk shared by the general public traveling on Campus Drive (see Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 145 [1976]; Matter of McLeod v Ground Handling, Inc., 92 AD3d at 1075; Matter of Littles v New York State Dept. of Corrections, 61 AD3d 1266, 1267-1268 [2009]). We conclude that defendant's workday ended when he left the parking lot to drive home and, thus, as a matter of law, defendant was not acting within the scope of his employment at the time of the accident. Consequently, defendant's motion for summary judgment should not have been granted.
Egan Jr., J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and motion denied.