Matter of Brennan v New York State Dept. of Health (2018 NY Slip Op 01974)





Matter of Brennan v New York State Dept. of Health


2018 NY Slip Op 01974


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018

525111

[*1]In the Matter of the Claim of EILEEN B. BRENNAN, Appellant,
v
NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: February 23, 2018

Before: Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ.


Law Firm of Alex C. Dell, Albany (Courtney E. Holbrook of counsel), for appellant.
William O'Brien, State Insurance Fund, Albany (Edward Obertubbesing of counsel), for New York State Department of Health and another, respondents.




MEMORANDUM AND ORDER
Garry
, P.J.
Appeal from a decision of the Workers' Compensation Board, filed August 22, 2016, which ruled that claimant's injury did not arise out of and in the course of her employment and denied her claim for workers' compensation benefits.
Claimant, who is employed by a state agency, reportedly tripped and fell while walking on a public sidewalk to her office
in June 2014, sustaining injuries to her chin and right hand. Claimant had parked her vehicle in a state-owned parking garage one block away from her office that she paid for via biweekly payroll deductions, and was about 20 feet away from one of the entrances to the building where she worked when the incident occurred. Claimant filed a claim for workers' compensation benefits, which the employer and its workers' compensation carrier controverted. Following a hearing, a Workers' Compensation Law Judge awarded claimant benefits and a divided panel of the Workers' Compensation Board affirmed. On mandatory review, the full Board reversed, finding that claimant's accident did not arise out of and in the course of her employment. Claimant appeals.
We affirm. An employee's injury is compensable only if it "aris[es] out of and in the [*2]course of the employment" (Workers' Compensation Law §§ 2 [7]; 10 [1]). As a general rule, "accidents that occur in public areas away from the workplace and outside of work hours are not compensable" (Matter of Stratton v New York State Comptroller, 112 AD3d 1081, 1082 [2013] [internal quotation marks and citation omitted]; see Matter of McLeod v Ground Handling, Inc., 92 AD3d 1074, 1074-1075 [2012]) and, thus, "injuries sustained during travel to and from the place of employment" are not compensable (Matter of Neacosia v New York Power Auth., 85 NY2d 471, 475 [1995]). Where, as here, the accident occurred near the claimant's place of employment, "there develops a gray area where the risks of street travel merge with the risks attendant with employment and where the mere fact that the accident took place on a public road or sidewalk may not ipso facto negate the right to compensation" (Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 144 [1976] [internal quotation marks and citation omitted]; accord Matter of Trotman v New York State Cts., 117 AD3d 1164, 1165 [2014]). Under these circumstances, injuries will be compensable only if there was "(1) a special hazard at the particular off-premises point and (2) a close association of the access route with the premises, so far as going and coming are concerned" (Matter of Trotman v New York State Cts., 117 AD3d at 1165 [internal quotation marks and citations omitted]; accord Matter of McLeod v Ground Handling, Inc., 92 AD3d at 1075), permitting the conclusion that "the accident happened as an incident and risk of employment" (Matter of Harris v New York State Off. of Gen. Servs., 13 AD3d 796, 797 [2004] [internal quotation marks and citation omitted]; see Matter of McLeod v Ground Handling, Inc., 92 AD3d at 1075). "Notably, the Board in the exercise of its fact-finding powers has the authority to make a discretionary determination of the risks attendant to employment under the particular circumstances of a case" (Matter of O'Neil v City of Albany Police Dept., 81 AD3d 1048, 1049 [2011] [internal quotation marks and citations omitted]).
Here, there is no evidence that there was any special hazard on the uneven sidewalk where claimant fell, which was open to and used by the public, as the danger "existed to any passerby traveling along the street in that location" (Matter of Harris v New York State Off. of Gen. Servs., 13 AD3d at 797). The sidewalk was near the privately-owned building where claimant worked, but the building housed many businesses and a restaurant and was open to the public, and there was "no showing that it was otherwise controlled by the employer, that workers were encouraged to use it or that it existed solely to provide access to [her] workplace" (Matter of Trotman v New York State Cts., 117 AD3d at 1165 [internal quotation marks and citation omitted]; cf. Matter of Husted v Seneca Steel Serv., 41 NY2d at 144). As substantial evidence supports the Board's determination that claimant's accident did not occur in the course of her employment, it will not be disturbed.
Egan Jr., Lynch, Rumsey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.