■ In the Matter of PATRICIA VAN DEUSEN, Respondent, v. COUNTY OF ONONDAGA, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals from a decision of the Workmen's Compensation Board, filed April 6, 1973, and an amended decision filed October 26, 1973, which affirmed a decision of the referee awarding benefits to claimant. On February 2, 1971, claimant was employed by appellant at the County Office Building in the City of Syracuse. Across the street from her place of employment was a parking lot where claimant parked her car under a three-month permit which she had purchased from the City of Syracuse for $25. Claimant sustained a fall in the parking lot upon leaving work for the day, suffering the injuries for which compensation was sought. For a period of five years ending on August 31, 1970, the parking lot had been leased and operated by the appellant. From the testimony presented, the board could properly find, as it did, that when the city subsequently took over operations of the lot, it was understood that it would be operated for the benefit of city and county employees. Proof of employment by the city or county was required before a permit could be purchased. The general public was not permitted to use the lot on business days until after 3:00 P.M. and the charge was higher than the fee paid by city and county employees. It was also found that notices for obtaining and renewing permits were posted at various places in appellant's building. From these facts, the board concluded that the employer acquiesced in the offering of parking facilities to its employees and encouraged the use of the lot by permitting the posting of notices relating thereto. Therefore, claimant's accident was found to have arisen out of and in the course of her employment. Appellant contends that the parking lot should not be deemed premises of employment and therefore the award was improper. We do not agree. The absence of elements of ownership, control or maintenance by the employer of a parking lot does not under all circumstances require the conclusion that such a lot does not constitute precincts of employment (see *Matter of Berry* v. *Gertz, Inc.*, 21 A D 2d 708). In *Matter of Elwood* v. *Herkimer Cent. School* (20 N Y 2d 869), the parking lot across the street from the school where claimant was employed was owned

by a private fraternal society. The society had given permission for school teachers to park there, and claimant had been told of same by her superiors. The Court of Appeals reinstated an award of compensation. In the case at bar, there was more than permission; the parking lot was operated particularly for employees of the appellant and another employer, and the appellant by affirmative acts encouraged its use. There is therefore a stronger factual basis for finding that the accident in the parking lot was an incident of employment. Decision affirmed, with costs to the Workmens' Compensation Board. Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.