■ In the Matter of the Claim of SUE THATCHER, Respondent, v CROUSE-IRVING MEMORIAL HOSPITAL, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [678 NYS2d 161] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed November 7, 1996, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

---

Claimant had just parked her car in a private parking garage and was en route to her job as a certified surgical technician at Crouse-Irving Memorial Hospital when she slipped on salt or gravel and fell on the parking garage floor, breaking her right ankle. The Workers' Compensation Board ruled that claimant's injury occurred in the course of her employment and granted her benefits. This appeal by the employer ensued.

An employer, by making arrangements for employee parking, may be found to have extended its premises to the area of the approved parking facility so that an accident that occurs therein may be found to have arisen within the precincts of the claimant's employment, rendering it compensable (*see, Matter of Brooks v New York Tel. Co.*, 87 AD2d 701; *Matter of Van Deusen v County of Onondaga*, 45 AD2d 793). This is particularly true where the claimant is injured on the way to work and in such physical proximity to his or her worksite as to establish a relationship between the accident and the employment (*see, Matter of Husted v Seneca Steel Serv.*, 41 NY2d 140, 144).

In the instant matter, the employer affirmatively encouraged its employees to park in the facility where claimant was injured. Parking was available at the facility at a reduced rate for hospital employees and payment of parking fees was deducted directly from employee paychecks. While alternate parking was also available to hospital employees, it could be accessed by permit only, for which there was a waiting list, or was located at some distance from the hospital. The facility where claimant was injured was located next door to the hospital and was internally connected to the hospital building. We conclude that substantial evidence supports the Board's ruling that there was a sufficient nexus in time and place between the parking facility, the use of which was fully endorsed by the employer, and the employer's premises to render claimant's accident compensable as occurring within the precincts of her employment.

Mercure, J. P., Yesawich Jr., Peters, and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.