Matter of Grover v State Ins. Fund (2018 NY Slip Op 06601)





Matter of Grover v State Ins. Fund


2018 NY Slip Op 06601


Decided on October 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 4, 2018


[*1]In the Matter of the Claim of SHELLY A. GROVER, Appellant,
v
STATE INSURANCE FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: August 23, 2018

Before: Garry, P.J., Egan Jr., Devine, Clark and Aarons, JJ.


Bronk & Somers, PC, Rochester (Mark C. Somers of counsel), for appellant.
Hamberger & Weiss, Rochester (Joseph P. DeCoursey of counsel), for State Insurance Fund, respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed March 9, 2017, which ruled that claimant's injury did not arise out of and in the course of her employment and denied her claim for workers' compensation benefits.
Claimant applied for workers' compensation benefits, claiming that she injured her left shoulder on her way to work when she reached out of her car window to scan her parking pass in order to enter a parking garage located at her employer's building. Following a hearing, a Workers' Compensation Law Judge established the claim. Upon review, the Workers' Compensation Board reversed, finding that claimant's injury did not arise out of and in the course of her employment. Claimant appeals. We affirm.
A compensable injury under the Workers' Compensation Law requires that it arise both out of and in the course of employment (see Workers' Compensation Law §§ 2 [7]; 10 [1]). "In general, accidents that occur outside of work hours and in public areas away from the workplace are not compensable" (Matter of O'Neil v City of Albany Police Dept., 81 AD3d 1048, 1048-1049 [2011] [citation omitted]; see Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 142 [1976]). Regarding a parking lot, if it is maintained by the employer, then it "constitutes precincts of employment" (Matter of Ott v Gem Elec. Mfg. Co., 44 AD2d 331, 332 [1974]). Our task is to determine whether the Board's conclusion is supported by substantial evidence; if so, it should not be disturbed (see Matter of Figueroa v Perfect Shoulder Co., Inc., 68 AD3d 1586, 1587 [2009]; Matter of Tompkins v Morgan Stanley Dean Witter, 1 AD3d 695, 695 [2003]).
The record evidence establishes that claimant injured herself as she extended her arm from within her car to scan her pass at a kiosk to gain entrance into the parking garage that she [*2]utilized for her job. The garage was also open to the general public and employees of other building tenants, and, to enter the garage, they would have to obtain a ticket or scan a pass at the same kiosk. Within the garage, there was a parking area that was dedicated for building tenants, including the employer, and their employees [FN1]. Furthermore, although the employer provided free parking to claimant, the garage was owned by the building owner and maintained by a third-party operator.
In concluding that claimant's injury was not compensable, the Board found that the parking garage was utilized by members of the public, as well as other businesses located within the same building as the employer. The Board further noted that the employer did not own or maintain the garage. These facts, which the Board credited, lead to the conclusion that the employer did not extend its premises to the area where claimant's injury occurred (see Matter of Lawton v Eastman Kodak Co., 206 AD2d 813, 814 [1994]; compare Matter of Thatcher v Crouse-Irving Mem. Hosp., 253 AD2d 990, 991 [1998])[FN2]. Although facts exist that would support a contrary result, given that substantial evidence supports the Board's decision, we discern no basis to disturb it (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]).
Devine and Clark, JJ., concur.




Garry, P.J. (dissenting).


We respectfully dissent. The proper disposition of this case is not based upon our substantial evidence standard of review, as this is not a case where the Workers' Compensation Board was weighing and balancing conflicting evidence. There was no relevant conflicting evidence. The location and circumstances of the underlying event are not disputed; claimant does not challenge the factual findings, but instead addresses the appeal solely to the resulting legal determination. In this case, the Board was required to apply the policy established by precedent to the relevant undisputed facts. As the Board failed to properly apply this precedent in rendering the determination, we would reverse, based upon the law.
It has been established that, "[a]s a general rule, accidents that occur in public areas away from the workplace and outside of work hours are not compensable" (Matter of Stratton v New York State Comptroller, 112 AD3d 1081, 1082 [2013] [internal quotation marks and citation omitted]; accord Matter of Brennan v New York State Dept. of Health, 159 AD3d 1250, 1251 [2018]). However, case law further instructs that "[a]n employer, by making arrangements for employee parking, may be found to have extended its premises to the area of the approved parking facility so that an accident that occurs therein may be found to have arisen within the precincts of the claimant's employment, rendering it compensable. This is particularly true where the claimant is injured on the way to work and in such physical proximity to his or her worksite as to establish a relationship between the accident and the employment" (Matter of Thatcher v Crouse-Irving Mem. Hosp., 253 AD2d 990, 991 [1998] [citations omitted]; accord Matter of Stratton v New York State Comptroller, 112 AD3d at 1082).
Here, the privately-owned parking garage was located
underneath the building where claimant worked, and her office was accessible by elevator from inside the garage. Although some portions of the garage were open to the public, claimant used a section available exclusively to employees located in the building by use of a parking pass [FN3]. Significantly, the employer assigned claimant to a parking space in the garage and provided a parking pass to her at no charge, thus affirmatively encouraging claimant to park there. There is thus "a sufficient nexus in time and place between the parking facility, the use of which was fully endorsed by the employer, and the employer's premises to render claimant's accident compensable as occurring within the precincts of her employment" (Matter of Thatcher v Crouse-Irving Mem. Hosp., 253 AD2d at 991; see Matter of Stratton v New York State Comptroller, 112 AD3d at 1082). The facts necessarily constitute substantial evidence by application of established legal precedent. Accordingly, we would reverse.
Egan Jr., J., concurs.
ORDERED that that the decision is affirmed, without costs.



Footnotes

Footnote 1: To access this dedicated area, an individual would have to similarly scan a pass at a kiosk with a gate. Claimant, however, did not injure herself at this location.

Footnote 2: Even if the incident giving rise to claimant's injury occurred in that "gray area where the risks of street travel merge with the risks attendant with employment and where the mere fact that the accident took place on a public road or sidewalk may not ipso facto negate the right to compensation" (Matter of Husted v Seneca Steel Serv., 41 NY2d at 144 [internal quotation marks omitted]), a compensable injury still would not exist because the risk of injury from reaching out of a car to scan a parking pass was a risk shared by the general public and was not a special hazard (see Matter of Cushion v Brooklyn Botanic Garden, 46 AD3d 1095, 1096 [2007], lv denied 10 NY3d 704 [2008]).

Footnote 3: This section of the parking garage was available for use only by employees of the businesses located in the building where claimant worked.