Matter of Johnson (New York City Tr. Auth.) (2020 NY Slip Op 02521)





Matter of Johnson (New York City Tr. Auth.)


2020 NY Slip Op 02521


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

529471

[*1]In the Matter of the Claim of Steven N. Johnson, Appellant,
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: March 26, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Geoffrey Schotter, New York City, for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for New York City Transit Authority, respondent.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed December 27, 2018, which ruled that claimant's injury did not arise out of and in the course of his employment and denied his claim for workers' compensation benefits.
In April 2017, claimant was employed as a telephone maintainer for the self-insured employer when, more than an hour prior to the start of his shift, he was struck by a car while crossing a public street in front of his place of work and was injured. Claimant applied for workers' compensation benefits in October 2017 based upon his injuries. A Workers' Compensation Law Judge denied his claim, finding that claimant's injuries did not arise out of and in the course of his employment. Upon review, the Workers' Compensation Board affirmed the decision upon the same basis. Claimant appeals.
An injury is compensable only where it "aris[es] out of and in the course of the employment" (Workers' Compensation Law § 2 [7]; see Workers' Compensation Law § 10 [1]; Matter of Brennan v New York State Dept. of Health, 159 AD3d 1250, 1251 [2018]). Generally, "accidents that occur outside of work hours and in public areas away from the workplace are not compensable" (Matter of O'Neil v City of Albany Police Dept., 81 AD3d 1048, 1048-1049 [2011]; see Matter of Stratton v New York State Comptroller, 112 AD3d 1081, 1082 [2013]). Where an accident occurs near a claimant's place of employment, as is the case here, "there develops a gray area where the risks of street travel merge with the risks attendant with employment and where the mere fact that the accident took place on a public road or sidewalk may not ipso facto negate the right to compensation" (Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 144 [1976] [citation omitted]; accord Matter of McLeod v Ground Handling, Inc., 92 AD3d 1074, 1075 [2012]). Nevertheless, "[u]nder these circumstances, injuries will be compensable only if there was (1) a special hazard at the particular off-premises point and (2) a close association of the access route with the premises, so far as going and coming are concerned, permitting the conclusion that the accident happened as an incident and risk of employment" (Matter of Brennan v New York State Dept. of Health, 159 AD3d at 1251 [internal quotation marks and citations omitted]; see Matter of Littles v New York State Dept. of Corrections, 61 AD3d 1266, 1267 [2009]). In reviewing the Board's determination in this regard, contrary to claimant's contentions, "[o]ur task is to determine whether the Board's conclusion is supported by substantial evidence" (Matter of Grover v State Ins. Fund, 165 AD3d 1329, 1329 [2018], affd 33 NY3d 971 [2019]). This is so even where, as here, the relevant facts are largely undisputed, as "substantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably— probatively and logically" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978] [emphasis added]; accord Matter of Yoga Vida NYC, Inc. [Commissioner of Labor], 28 NY3d 1013, 1015 [2016]).
The relevant underlying facts are undisputed. At the time of the accident, claimant had arrived more than one hour early for his shift, had not yet reported to work and had not been approved for overtime. Further, although the public road and parking area used by claimant when he was injured was located in front of his workplace, they were open to and used by the public "and there was no showing that [they were] otherwise controlled by the employer, that workers were encouraged to use [them] or that [they] existed solely to provide access to the workplace" (Matter of Trotman v New York State Cts., 117 AD3d 1164, 1165 [2014] [internal quotation marks and citation omitted]). Thus, the risk of getting hit by a car while crossing the public road was unrelated to claimant's employment and merely constituted a danger that " existed to any passerby traveling along the street in that location" (Matter of Brennan v New York State Dept. of Health, 159 AD3d at 1252 [internal quotation marks and citation omitted]). Moreover, notwithstanding claimant's assertion that his choice to drive to work and his general parking location was known to his supervisor and reduced his commute so that he could be well rested for work, "[t]here is no evidence that the method or route [he] chose served any business purpose, or that the employer benefitted from that route" (Matter of Rodriguez v New York City Tr. Auth., 161 AD3d 1501, 1503 [2018], lv denied 32 NY3d 916 [2019]). Accordingly, substantial evidence supports the Board's determination that claimant's injuries did not arise out of and in the course of his employment and, thus, were not compensable (see Matter of Warner v New York City Tr. Auth., 171 AD3d 1429, 1430-1431 [2019]; Matter of Brennan v New York State Dept. of Health, 159 AD3d at 1251-1252; Matter of Trotman v New York State Cts., 117 AD3d at 1165; Matter of McLeod v Ground Handling, Inc., 92 AD3d 1074, 1075 [2012]; compare Matter of Stratton v New York State Comptroller, 112 AD3d 1081, 1082 [2013]). Claimant's remaining contentions, to the extent not explicitly addressed, have been reviewed and found to be without merit.
Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.