Matter of Djukic v Hanna Andersson, LLC (2020 NY Slip Op 03703)





Matter of Djukic v Hanna Andersson, LLC


2020 NY Slip Op 03703


Decided on July 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 2, 2020

528782

[*1]In the Matter of the Claim of Anela Djukic, Appellant,
v
Hanna Andersson, LLC, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: June 12, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


Markhoff & Mittman, PC, White Plains (David Sanua of counsel), for appellant.
Burke, Conway & Stiefeld, White Plains (Samantha L. Sharpe of counsel), for Hanna Andersson, LLC and another, respondents.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed July 26, 2018, which ruled that claimant's injury did not arise out of and in the course of her employment.
Claimant, a sales lead for the employer, slipped and fell on her way to work and sustained various injuries. The employer's premises were located on the third floor of a shopping mall, and claimant fell shortly after entering the mall through a valet entrance located on the ground level of the structure; at the time of her fall, claimant had not yet reached the nearest elevator that would allow her to access the floor where the employer's retail premises were situated. Following a hearing, a Workers' Compensation Law Judge established the claim and made various awards. Upon administrative review, the Workers' Compensation Board reversed and disallowed the claim, finding that claimant's injury did not arise out of and in the course of her employment. This appeal ensued.
We affirm. "A compensable injury under the Workers' Compensation Law requires that it arise both out of and in the course of employment. In general, accidents that occur outside of work hours and in public areas away from the workplace are not compensable" (Matter of Grover v State Ins. Fund, 165 AD3d 1329, 1329 [2018] [internal quotation marks and citations omitted], affd 33 NY3d 971 [2019]; see Matter of Warner v New York City Tr. Auth., 171 AD3d 1429, 1429-1430 [2019]; Matter of Brennan v New York State Dept. of Health, 159 AD3d 1250, 1251 [2018]). Where, as here, an accident occurs near the claimant's place of employment, "'there develops a gray area where the risks of street travel merge with the risks attendant with employment and where the mere fact that the accident took place on a public road or sidewalk may not ipso facto negate the right to compensation'" (Matter of Johnson v New York City Tr. Auth., 182 AD3d 970, 971 [2020], quoting Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 144 [1976]; accord Matter of McLeod v Ground Handling, Inc., 92 AD3d 1074, 1075 [2012]; see Matter of Trotman v New York State Cts., 117 AD3d 1164, 1165 [2014]). That said, the resulting "injuries will be compensable only if there was (1) a special hazard at the particular off-premises point and (2) a close association of the access route with the premises, so far as going and coming are concerned, permitting the conclusion that the accident happened as an incident and risk of employment" (Matter of Brennan v New York State Dept. of Health, 159 AD3d at 1251 [internal quotation marks and citations omitted]; accord Matter of Johnson v New York City Tr. Auth., 182 AD3d at 971; see Matter of Littles v New York State Dept. of Corrections, 61 AD3d 1266, 1267 [2009]).
Claimant testified that approximately 10 minutes before the start of her workday, she was dropped off at the valet entrance to the mall, at which time the concrete outside the entrance was being power washed. According to claimant, she entered the structure itself and was walking to the elevator when she slipped and fell. Although claimant regarded the valet entrance as the "main entrance" to the mall, she acknowledged — and claimant's manager confirmed — that there were additional entrances and other elevators that employees could utilize to gain access to the employer's premises. Claimant believed that those other entrances were locked until the mall opened, but her manager refuted that assertion stating, "All [mall] entrances are open way before the mall opens."
Although claimant testified that the valet entrance to the mall was utilized by fellow employees who, like she, were dropped off for work, claimant's manager testified that employees were not required to use that entrance, and "there is no evidence that the method or route [that claimant] chose served any business purpose, or that the employer benefitted from that route" (Matter of Johnson v New York City Tr. Auth., 182 AD3d at 972 [internal quotation marks, brackets and citation omitted]). Similarly, the record does not establish that the valet entrance "was otherwise controlled by the employer, that workers were encouraged to use it or that it existed solely to provide access to the workplace" (Matter of Trotman v New York State Cts., 117 AD3d at 1165 [internal quotation marks and citation omitted]). Further, as noted by the Board, the risk posed by the wet ground condition "was unrelated to claimant's employment and merely constituted a danger that existed to any passerby" utilizing that entrance (Matter of Johnson v New York City Tr. Auth., 182 AD3d at 972 [internal quotation marks and citations omitted]; see Matter of Brennan v New York State Dept. of Health, 159 AD3d at 1251-1252; Matter of Trotman v New York State Cts., 117 AD3d at 1165; Matter of Littles v New York State Dept. of Corrections, 61 AD3d at 1267-1268; Matter of Harris v New York State Off. of Gen. Servs., 13 AD3d 796, 797 [2004]). We therefore conclude that substantial evidence supports the Board's finding that claimant did not sustain an injury arising out of and in the course of her employment. Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Aarons and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.