Matter of Holness (City Coll.) (2021 NY Slip Op 01458)





Matter of Holness (City Coll.)


2021 NY Slip Op 01458


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

530454

[*1]In the Matter of the Claim of Bueferd Holness, Appellant,
City College, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: February 11, 2021

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, New York City (Michael K. Gruber of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York City (Yasmean N. Tamoor of counsel), for City College, respondent.



Egan Jr., J.
Appeal from a decision of the Workers' Compensation Board, filed April 24, 2019, which ruled that claimant's injuries did not arise out of and in the course of his employment, and denied his claim for workers' compensation benefits.
Claimant worked as a laborer performing various physical tasks around a college campus. On June 21, 2018, after he completed his shift, he was walking along a public sidewalk in front of the administration building when a group of people were approaching from the opposite direction. He moved to the left to allow them to pass and, when he did so, he struck his left foot on a raised piece of concrete, injuring his foot and two toes. As a result, he filed a claim for workers' compensation benefits. The claim was controverted by the self-insured employer and a hearing was conducted before a Workers' Compensation Law Judge (hereinafter WCLJ) to address whether claimant's injuries arose out of and in the course of his employment. The WCLJ concluded that they did and found the claim to be compensable. On appeal, a panel of the Workers' Compensation Board concluded otherwise and reversed the WCLJ's decision. Claimant appeals.
"A compensable injury under the Workers' Compensation Law requires that it arise both out of and in the course of employment" (Matter of Grover State Ins. Fund, 165 AD3d 1329, 1329 [2018] [citation omitted], affd 33 NY3d 971 [2019]; see Matter of Johnson v New York City Tr. Auth., 182 AD3d 970, 971 [2020]). "Generally, accidents that occur outside of work hours and in public areas away from the workplace are not compensable" (Matter of Johnson v New York City Tr. Auth., 182 AD3d at 971 [internal quotation marks and citations omitted]) and, consequently, "injuries sustained during travel to and from the place of employment are not compensable" (Matter of Brennan v New York State Dept. of Health, 159 AD3d 1250, 1251 [2018]). However, "[w]here, as here, the accident occurred near the claimant's employment, 'there develops a gray area where the risks of street travel merge with the risks attendant with employment and where the mere fact that the accident took place on a public road or sidewalk may not ipso facto negate the right to compensation'" (id. at 1251, quoting Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 144 [1976]; see Matter of Djukic v Hanna Andersson, LLC, 185 AD3d 1116, 1116-1117 [2020]). In such a situation, "the resulting injuries will be compensable only if there was (1) a special hazard at the particular off-premises point and (2) a close association of the access route with the premises, as far as going and coming are concerned, permitting the conclusion that the accident happened as an incident and risk of employment" (Matter of Djukic v Hanna Andersson, LLC, 185 AD3d at 1251 [internal quotation marks and citations omitted]; see Matter of Johnson v New York City Tr. Auth., 182 AD3d at 971). The Board's findings in this regard will be upheld if supported by substantial [*2]evidence (see Matter of Johnson v New York City Tr. Auth., 182 AD3d at 971).
Claimant testified that, at the time of the incident, he had completed his shift and was walking on the public sidewalk approximately 160 yards from the area where he had clocked out. Photographs of the area where the incident occurred do not reveal the existence of a special hazard related to claimant's employment, but rather depict a raised piece of concrete that posed a risk to the public generally (see Matter of Djukic v Hanna Andersson, LLC, 185 AD3d at 1117-1118; Matter of Brennan v New York State Dept. of Health, 159 AD3d at 1251-1252; Matter of Trotman v New York State Cts., 117 AD3d 1164, 1165 [2014]). Furthermore, although claimant testified that the self-insured employer maintained the area in question, no evidence was presented that the route chosen by claimant served a business purpose or was the recommended route of egress from the employer's premises (see Matter of Johnson v New York City Tr. Auth., 182 AD3d at 971; Matter of Brennan v New York State Dept. of Health, 159 AD3d at 1252). In view of the foregoing, substantial evidence supports the Board's finding that claimant's injuries did not arise out of and in the course of his employment, and we decline to disturb its decision.
Garry, P.J., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.