Matter of Cadme v FOJP Serv. Corp. (2021 NY Slip Op 04525)





Matter of Cadme v FOJP Serv. Corp.


2021 NY Slip Op 04525


Decided on July 22, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 22, 2021

532382
[*1]In the Matter of the Claim of Daniel Cadme, Claimant,
v
FOJP Service Corporation et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:June 2, 2021

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for appellants.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.



Lynch, J.P.
Appeal from a decision of the Workers' Compensation Board, filed August 11, 2019, which ruled that claimant sustained a compensable injury arising out of and in the course of his employment.
On March 27, 2019, claimant, a food service worker at Montefiore-Nyack Hospital, sustained serious injuries when he was struck by a motor vehicle while walking towards the hospital entrance prior to the start of his work shift. Claimant's subsequent claim for workers' compensation benefits was controverted by the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier). Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for a work-related head injury and set claimant's average weekly wage. Upon administrative review, the Workers' Compensation Board, with one Board member dissenting, affirmed the decision of the WCLJ. The full Board subsequently granted the carrier's request for mandatory full Board review. Upon its mandatory full Board review, the full Board determined that, based upon the regular use by claimant and other food service workers of a hospital entrance in the loading dock area in close proximity to the accident site and because a special hazard existed at the place where the accident occurred, claimant's accident arose out of and in the course of his employment. The carrier appeals from the full Board's decision.
We affirm. "A compensable injury under the Workers' Compensation Law requires that it arise both out of and in the course of employment" (Matter of Holness v City Coll., 192 AD3d 1291, 1291 [2021] [internal quotation marks and citations omitted]; see Workers' Compensation Law § 2 [7]; 10 [1]; Matter of Djukic v Hanna Andersson, LLC, 185 AD3d 1116, 1116 [2020]; Matter of Johnson v New York City Tr. Auth., 182 AD3d 970, 971 [2020]). "Generally, accidents that occur outside of work hours and in public areas away from the workplace are not compensable" (Matter of Johnson v New York City Tr. Auth., 182 AD3d at 971 [internal quotation marks and citations omitted]), and, consequently, "injuries sustained during travel to and from the place of employment are not compensable" (Matter of Brennan v New York State Dept. of Health, 159 AD3d 1250, 1251 [2018] [internal quotation marks and citation omitted]).
"However, where, as here, the accident occurred near the claimant's employment, there develops a gray area where the risks of street travel merge with the risks attendant with employment and where the mere fact that the accident took place on a public road or sidewalk may not ipso facto negate the right to compensation" (Matter of Holness v City Coll., 192 AD3d at 1192 [internal quotation marks, brackets and citations omitted]; see Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 144 [1976]; Matter of Djukic v Hanna Andersson, LLC, 185 AD3d at 1116-1117; Matter of Johnson v New York City Tr. Auth., 182 AD3d at 971). "In such a situation, the [*2]resulting injuries will be compensable only if there was (1) a special hazard at the particular off-premises point and (2) a close association of the access route with the premises, as far as going and coming are concerned, permitting the conclusion that the accident happened as an incident and risk of employment" (Matter of Holness v City Coll., 192 AD3d at 1192 [internal quotation marks and citations omitted]; see Matter of Husted v Seneca Steel Serv., 41 NY2d at 144-145; Matter of Johnson v New York City Tr. Auth., 182 AD3d at 971; Matter of Brennan v New York State Dept. of Health, 159 AD3d at 1251). In reviewing the Board's determination in this regard, our task is to determine whether the Board's conclusion is supported by substantial evidence (see Matter of Johnson v New York City Tr. Auth., 182 AD3d at 971; Matter of Grover v State Ins. Fund, 165 AD3d 1329, 1329 [2018], affd 33 NY3d 971 [2019]). This is so even where, as here, the relevant facts are largely undisputed, as "substantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably — probatively and logically" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]; accord Matter of Yoga Vida NYC, Inc. [Commissioner of Labor], 28 NY3d 1013, 1015 [2016]).
The record reflects that it was approximately 6:06 a.m. at the time of the accident and dark outside given the early hour of the morning. Claimant, as he routinely did, had parked his car on the western side (southbound) of Route 9W (North Highland Avenue), a public roadway, to access and enter the hospital's loading driveway and dock entrance, located on the eastern side of Route 9W, a public roadway. Vehicles were not permitted to park on the eastern side of Route 9W near the loading dock area, and there was no crosswalk at the location where claimant was attempting to cross Route 9W.[FN1] At the time of the accident, claimant was crossing Route 9W from west to east and entered the northbound lane as he walked toward the hospital's loading dock entrance. At that moment, the driver of a large SUV, who had entered the loading dock area from the northbound lane to make a U-turn, made an unsafe left turn out of the hospital loading dock driveway, and the vehicle struck claimant.
At the hearing, Melanie Roberts, the benefits manager from the employer's human resources department, testified that, on the day of the accident, claimant parked on the western side of Route 9W, which is where he, along with other food service workers, typically parked. Like most of the other food service workers, claimant's shift started at 6:00 a.m., and he (along with the other food service workers) was therefore often able to find public parking spots along the western side of Route 9W, which was across the street from the hospital and [*3]its loading dock area and entrance. Roberts noted that food trucks and other "big trucks" use the loading dock driveway to access the hospital. Roberts explained that claimant and the other food service workers used the loading dock entrance, which is a different entrance to access the hospital than what the public uses. Roberts further explained that Route 9W is not a safe street to cross and that "cars fly on [Route] 9W" and that one "literally h[as] to run" to get across safely.
From the foregoing, the Board could reasonably determine that a special hazard existed due to the unavailability of parking along the eastern side of Route 9W, requiring claimant to, at a certain spot without a crosswalk, cross Route 9W — a dangerous public roadway — to access the loading dock entrance, which, significantly, was not used by the public and regularly used by claimant (see Matter of Husted v Seneca Steel Serv., 41 NY2d at 145; cf. Matter of Johnson v New York City Tr. Auth., 182 AD3d at 972; Matter of Djukic v Hanna Anderson, LLC, 185 AD3d at 1117; Matter of McLeod v Ground Handling, Inc., 92 AD3d 1074, 1075 [2012]; see also Matter of Grover v State Ins. Fund, 165 AD3d 1329, 1331 [2018, Garry, P.J., dissenting], affd 33 NY3d 971 [2019]). Further, based upon the regular use of the loading dock entrance by claimant and other food service workers, combined with the close proximity of the accident to the loading dock area, there was a close association of the access route with the premises, as far as going and coming are concerned, permitting the conclusion that the accident happened as an incident and risk of employment. Given the particular set of circumstances present in this case, as well as "the fundamental concept that the Work[ers'] Compensation Law, being remedial in character, is to be construed liberally to accomplish the economic and humanitarian objects of the act" (Matter of Husted v Seneca Steel Serv., 41 NY2d at 145), we find that substantial evidence supports the full Board's determination that claimant sustained a compensable injury arising out of and in the course of his employment (see id. at 144-145; Matter of Stratton v New York State Comptroller, 112 AD3d 1081, 1082 [2013]; Matter of Flores v Newstar Apparel, 69 AD3d 986, 986-987 [2010]).
Finally, we note that claimant died on June 23, 2019, and the record indicates that a claim for workers' compensation death benefits was filed by his survivors. Our decision herein, however, does not concern the death benefits claim, which is not before us and "is a separate and distinct claim from a claim for disability benefits for the underlying injury" (Matter of Mace v Owl Wire & Cable Co., 284 AD2d 672, 675 [2001]; see Matter of Zechmann v Canisteo Volunteer Fire Dept., 85 NY2d 747, 751 [1995]; Matter of Brannigan v Town of Oyster Bay, 141 AD2d 942, 943 [1988]; see generally Workers' Compensation Law §§ 15 [4]; 16, 33). In light of our decision, the carrier's remaining contentions are either [*4]academic or have been considered and found to be without merit.
Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Although there was no crosswalk to access the hospital's loading dock driveway, there were crosswalks at the intersections located north and south of the accident site.