Matter of Espinoza v City Safety Compliance Corp. (2023 NY Slip Op 05172)

Matter of Espinoza v City Safety Compliance Corp.

2023 NY Slip Op 05172

Decided on October 12, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 12, 2023

535483
[*1]In the Matter of the Claim of Jaime Espinoza, Appellant,
v
City Safety Compliance Corp. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:September 5, 2023

Before:Lynch, J.P., Clark, Aarons, Pritzker and Ceresia, JJ.

Klee, Woolf, Goldman & Filpi, LLP, Mineola (Sarah L. Baia of counsel), for appellant.
Law Offices of John Wallace, Albany (Joseph W. Buttridge of counsel), for City Safety Compliance Corp. and another, respondents.

Ceresia, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed May 17, 2022, which ruled that claimant's injury did not arise out of and in the course of employment and denied his claim for workers' compensation benefits, and (2) from a decision of said Board, filed July 18, 2022, which denied claimant's application for reconsideration and/or full Board review.
In July 2020, claimant, a safety manager and fire safety manager in charge of monitoring a construction site, was injured while pulling a gate in a parking area, sustaining an injury to his left bicep muscle and a torn rotator cuff in his left shoulder. One week later, claimant underwent left shoulder surgery and thereafter filed a claim for workers' compensation benefits. The claim was controverted by the employer and its workers' compensation carrier, who alleged, among other defenses, that claimant's injuries did not arise out of and in the course of his employment. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim, finding, among other things, that there was no evidence that the area in which claimant was injured was part of the jobsite in which he worked or that the employer provided the parking area. Upon administrative review, the Workers' Compensation Board affirmed, concluding that claimant was not working when he was injured, that the employer did not control the area in which claimant parked and that the area was not part of the jobsite. Claimant's application for reconsideration and/or full Board review was denied, and claimant now appeals from both Board decisions.
An employee's injury is compensable only if it "aris[es] out of and in the course of employment" (Workers' Compensation Law § 2 [7]; see Workers' Compensation Law § 10 [1]). " 'In general, accidents that occur outside of work hours and in public areas away from the workplace are not compensable' " (Matter of Grover v State Ins. Fund, 165 AD3d 1329, 1329 [3d Dept 2018], affd 33 NY3d 971 [2019], quoting Matter of O'Neil v City of Albany Police Dept., 81 AD3d 1048, 1048-1049 [3d Dept 2011]; see Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 142 [1976]). "An employer, by making arrangements for employee parking, may be found to have extended its premises to the area of the approved parking facility so that an accident that occurs therein may be found to have arisen within the precincts of the claimant's employment, rendering it compensable" (Matter of Thatcher v Crouse-Irving Mem. Hosp., 253 AD2d 990, 991 [3d Dept 1998]; see Matter of Brooks v New York Tel. Co., 87 AD2d 701, 701 [3d Dept 1982], affd 57 NY2d 643 [1982]; Matter of Van Deusen v County of Onondaga, 45 AD2d 793, 794 [3d Dept 1974]; Matter of Ott v Gem Elec. Mfg. Co., 44 AD2d 331, 332 [3d Dept 1974]). This is particularly true where the claimant is injured on the way to or from work and in such physical proximity to his or her worksite as to establish a relationship between the accident and the employment[*2](see Matter of Husted v Seneca Steel Serv., 41 NY2d at 144). "Such factual determination is within the province of the Board and such decision will not be disturbed if supported by substantial evidence" (Matter of Devis v Mountain States Rosen LLC, 157 AD3d 1148, 1149 [3d Dept 2018] [citations omitted]; see Matter of De La Cruz v Aufiero Painting Indus. Inc., 185 AD3d 1330, 1330-1331 [3d Dept 2020]).
At the hearing, claimant testified that, at the time of his injury, he was working at a construction site for a new high-rise hotel and that he had finished for the day, exited the jobsite through the main office and signed out on the logbook. After he left the premises, claimant crossed a public street to an area across the street from the jobsite where various materials were kept for the construction project, including window panels, concrete and boxes. Claimant explained in his testimony that he was responsible for monitoring this area because forklifts would enter and exit the area to pick up materials for the construction project. Claimant's automobile was parked in this area and, "because of the pandemic, [he was] instructed to park [his] vehicle[ ] there." Claimant explained that the area in which he was parked had an eight-foot-tall rolling gate that would be opened by sliding it to the right and that he was pulling this gate when his left shoulder snapped, resulting in a lot of pain.
Margarita Valente, the employer's director of human resources, testified that a safety inspector, such as claimant, is only responsible for monitoring the construction site and is not responsible for other areas such as the at-issue area where claimant was parked and where construction materials were purportedly being stored. Valente stated that, when claimant was injured, he had already left the jobsite, but she conceded that she was not aware whether the general contractor was using the area across the street where claimant was injured to store building materials and also did not know if the general contractor instructed claimant to park there. Russell Lacerenza, the employer's vice president of field operations, also testified that he was not aware of, and was never told, whether construction materials were being stored across the street but stated that, because the employer is only a "consultant," it does not handle building materials and was therefore not responsible for the area across the street where claimant was injured.
Although the parking area where claimant was injured was not part of the construction site, and notwithstanding the fact that the injury occurred after claimant's shift had ended for the day, claimant's uncontradicted testimony demonstrates that he was instructed to park in that area. Moreover, because claimant also testified without contradiction that the general contractor stored building materials in the at-issue area and restricted the public's access to that area, there was a sufficient nexus in time and place between the construction [*3]site and the parking area such that claimant's place of employment — i.e. the construction site — extended to the parking area where claimant's injury occurred, and "claimant was [thus] exposed to a risk not shared by the public generally" (Matter of Lawton v Eastman Kodak Co., 206 AD2d 813, 814 [3d Dept 1994]; see Matter of Husted v Seneca Steel Serv., 41 NY2d at 145; compare Matter of Grover v State Insurance Fund, 165 AD3d at 1329). Given the foregoing, the Board's determination cannot be sustained and the matter must be remitted (see Matter of Thatcher v Crouse-Irving Mem. Hosp., 253 AD2d at 991; Matter of Lawton v Eastman Kodak Co., 206 AD2d at 814; Matter of Konti v New York City Tr. Auth., 111 AD2d 1073, 1073 [3d Dept 1985]; Matter of Van Deusen v County of Onondaga, 45 AD2d at 793-794). In view of the foregoing, claimant's appeal from the Board's denial of his application for reconsideration and/or full Board review is rendered academic (see Matter of Murphy v New York State Cts., 201 AD3d 1072, 1074 [3d Dept 2022]; Matter of Phillips v Milbrook Distrib. Servs., 199 AD3d 1184, 1188 [3d Dept 2021]). To the extent that the parties' remaining contentions are properly before us, they have been considered and found to be without merit or are academic in light of our decision.
Lynch, J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the decision filed May 17, 2022 is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.
ORDERED that the appeal from the decision filed July 18, 2022 is dismissed, as academic, without costs.