Matter of Dent v Amazon.Com Servs., Inc. (2024 NY Slip Op 01590)

Matter of Dent v Amazon.Com Servs., Inc.

2024 NY Slip Op 01590

Decided on March 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 21, 2024

CV-22-2154
[*1]In the Matter of the Claim of Naomi Dent, Appellant,
v
Amazon.Com Services, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:February 13, 2024

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, Fisher and Powers, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Cipriani & Werner, PC, Iselin, New Jersey (Brandon W. Sawyer of counsel), for Amazon.com Services, Inc. and others, respondents.

Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed October 28, 2022, which ruled that claimant's injuries did not arise out of and in the course of her employment and denied her claim for workers' compensation benefits.
On her second day of work at the employer's fulfillment center on Staten Island, claimant reportedly sustained injuries to her left foot, ankle and lower leg when she was trampled by her fellow passengers while boarding a public bus. According to claimant, as she attempted to board the bus, she was pushed from behind, causing her to fall and strike her shin on the bus steps; in the ensuing "stampede," someone stepped on claimant's leg, causing further injury. Approximately two weeks later, claimant reported the incident to a manager, stopped working altogether and sought medical treatment. The employer and its workers' compensation carrier controverted claimant's subsequent claim for workers' compensation benefits contending, among other things, that claimant's injuries did not arise out of and in the course of her employment. Following a hearing, a Workers' Compensation Law Judge denied the claim, agreeing that claimant's injuries did not arise out of and in the course of her employment. Upon administrative review, the Workers' Compensation Board affirmed, prompting this appeal by claimant.
In order for an injury to be compensable under the Workers' Compensation Law, it must "arise both out of and in the course of employment" (Matter of Holness v City Coll., 192 AD3d 1291, 1291 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Espinoza v City Safety Compliance Corp., 220 AD3d 1033, 1034 [3d Dept 2023]). "As a general rule, accidents that occur in public areas away from the workplace and outside of work hours are not compensable and, thus, injuries sustained during travel to and from the place of employment are not compensable" (Matter of Brennan v New York State Dept. of Health, 159 AD3d 1250, 1251 [3d Dept 2018] [internal quotation marks and citations omitted]; see Matter of Cadme v FOJP Serv. Corp., 196 AD3d 983, 983-984 [3d Dept 2021]; Matter of Holness v City Coll., 192 AD3d at 1291). However, "[w]here, as here, an accident occurs near the claimant's place of employment, there develops a gray area where the risks of street travel merge with the risks attendant with employment and where the mere fact that the accident took place on a public road or sidewalk may not ipso facto negate the right to compensation. That said, the resulting injuries will be compensable only if there was (1) a special hazard at the particular off-premises point and (2) a close association of the access route with the premises, so far as going and coming are concerned, permitting the conclusion that the accident happened as an incident and risk of employment" (Matter of Djukic v Hanna Andersson, LLC, 185 AD3d 1116, 1116-1117 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Cadme [*2]v FOJP Serv. Corp., 196 AD3d at 984; Matter of Holness v City Coll., 192 AD3d at 1292). "Notably, the Board in the exercise of its fact-finding powers has the authority to make a discretionary determination of the risks attendant to employment under the particular circumstances of a case" (Matter of Brennan v New York State Dept. of Health, 159 AD3d at 1251 [internal quotation marks and citations omitted]) and, in reviewing the Board's determination in this regard, our inquiry is limited to ascertaining whether the Board's conclusion is supported by substantial evidence (see Matter of Holness v City Coll., 192 AD3d at 1292; Matter of Johnson v New York City Tr. Auth., 182 AD3d 970, 971-972 [3d Dept 2020]).
Contrary to her sworn hearing testimony, claimant concedes that her injury was sustained while she was "off the clock," that the bus stop was not located on the employer's premises, that the Metropolitan Transportation Authority (hereinafter MTA) bus in question was available for any member of the public to ride and that, although she did not pay a fare to ride the bus, the record is devoid of any evidence of a fare subsidy arrangement between the employer and the MTA. The employer's loss prevention manager, in turn, confirmed that the MTA bus stop was neither located on the employer's property nor otherwise maintained by the employer and made clear that the employer neither required its employees to use the bus, paid the employees' bus fares nor chartered or otherwise paid for the bus at issue (see Matter of Djukic v Hanna Andersson, LLC, 185 AD3d at 1117; Matter of Johnson v New York City Tr. Auth., 182 AD3d at 972; Matter of Grover v State Ins. Fund, 165 AD3d 1329, 1329-1330 [3d Dept 2018], affd 33 NY3d 971 [2019]; Matter of Brennan v New York State Dept. of Health, 159 AD3d at 1251-1252; compare Matter of Espinoza v City Safety Compliance Corp., 220 AD3d at 1036; Matter of Cadme v FOJP Serv. Corp., 196 AD3d at 985). Further, the "special hazard" alleged by claimant — being pushed by tired passengers "desperate" to claim a spot on a crowded bus at the end of their workday — is unrelated to claimant's employment and, instead, is a risk shared by anyone who utilizes public transportation (see Matter of Djukic v Hanna Andersson, LLC, 185 AD3d at 1117-1118; Matter of Johnson v New York City Tr. Auth., 182 AD3d at 972; Matter of Brennan v New York State Dept. of Health, 159 AD3d at 1251-1252). Under these circumstances, substantial evidence supports the Board's finding that claimant's injuries did not arise out of and in the course of her employment. Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Aarons, Fisher and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.