Matter of Lebeau v Meet Caregivers Inc. (2024 NY Slip Op 05011)

Matter of Lebeau v Meet Caregivers Inc.

2024 NY Slip Op 05011

Decided on October 10, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 10, 2024

CV-23-0964
[*1]In the Matter of the Claim of Okina Lebeau, Appellant,
v
Meet Caregivers Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:September 6, 2024

Before:Garry, P.J., Egan Jr., Reynolds Fitzgerald, Ceresia and Powers, JJ.

Klee, Woolf, Goldman & Filpi, LLP, Mineola (Sarah L. Baia of counsel), for appellant.
Goldberg Segalla, Rochester (Bradford J. Reid of counsel), for Meet Caregivers Inc. and another, respondents.

Garry, P.J.
Appeals (1) from a decision of the Workers' Compensation Board, filed March 27, 2023, which ruled that claimant's injury did not arise out of and in the course of employment and denied her claim for workers' compensation benefits, and (2) from a decision of said Board, filed June 7, 2023, which denied claimant's application for reconsideration and/or full Board review.
Claimant, a certified nurse assistant, filed a claim for workers' compensation benefits contending that she suffered injuries to her right leg and right knee as the result of a November 2021 incident during which a coworker allegedly assaulted her by hitting her with a chair. Following a hearing, a Workers' Compensation Law Judge established the claim for a work-related injury of the right knee. Upon review, the Workers' Compensation Board reversed that decision, concluding that claimant had not demonstrated that her injury arose out of and in the course of her employment, and denied benefits. Claimant's subsequent application for reconsideration and/or full Board review was denied, and these appeals ensued.[FN1]
"An injury is compensable only where it 'aris[es] out of and in the course of [the] employment' " (Matter of Moore v U.S. Xpress, Inc., 201 AD3d 1083, 1083 [3d Dept 2022] [citation omitted], lv denied 38 NY3d 1029 [2022], quotingWorkers' Compensation Law § 2 [7]; see Matter of Johnson v New York City Tr. Auth., 182 AD3d 970, 971 [3d Dept 2020]). "Such factual determination is within the province of the Board[,] and such decision will not be disturbed if supported by substantial evidence" (Matter of Devis v Mountain States Rosen LLC, 157 AD3d 1148, 1149 [3d Dept 2018] [citations omitted]; see Matter of Espinoza v City Safety Compliance Corp., 220 AD3d 1033, 1035 [3d Dept 2023]).
Claimant testified that there had been a previous verbal altercation between her and the coworker prior to the day of the incident in question. According to claimant, on the day of the incident, she and the coworker were at a school conducting COVID-19 testing on children, and, earlier that day, the coworker had purposely bumped into her. Claimant further testified that, later that day, while rearranging the testing site, the coworker was carrying a folding chair and hit her with the chair as she walked by. Claimant then went to the school office and called the police to report the incident. The police responded, and, after claimant informed the officer of what had transpired, she called an ambulance.[FN2]
In contrast, the coworker testified that she had never had any communication with claimant prior to the day of the incident. According to the coworker, claimant initiated an argument with her over hand sanitizer. The coworker further testified that claimant became aggressive and "got in [her] face." In trying to defuse the situation, the coworker decided to move her work area away from claimant. The coworker admitted to moving a folding chair but testified that neither she nor the chair ever made contact [*2]with claimant. An employee who was also present at the time of the incident testified that she did not witness the coworker move a chair but that it was "possible" it had happened. Claimant's manager, who was not present that day, conducted an investigation of the incident and testified that she contacted everyone that was working for the employer at the school that day, as well as school staff and the school principal. According to the manager, everyone she contacted, except claimant, gave a similar version of the events — that claimant and the coworker had an argument but there was no physical altercation between the two. The manager also testified that she was unaware of any previous problems between claimant and the coworker prior to the day of the incident.
"In assessing the testimony and evidence presented, the Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Flores v Millennium Servs., LLC, 215 AD3d 1146, 1148 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Leon v Structure Tech N.Y., Inc., 225 AD3d 1071, 1074 [3d Dept 2024]). In denying benefits, the Board credited the testimony of the coworker and the manager that no physical altercation occurred. The Board contrasted claimant's initial statements in both her claim for benefits and to treating physicians that she had been assaulted at work with a chair with her testimony at the hearing that suggested limited transitory contact. Although the Board referenced an incident report made by the employer that indicated that the coworker reported that the chair had "brushed the back of [claimant's] leg," the Board noted that the report was not signed by any purported parties and found that this evidence did not support claimant's core contention that she was physically assaulted at work. In discrediting claimant's contention, the Board also contrasted the EMT's report from the day of the incident that indicated normal findings with claimant's testimony that she was left "unable to leave or walk or move or anything else" that day as a result of being hit by the chair. In our view, the Board's factual and credibility determinations "were based upon a reasonable inference from the evidence in the record" (Matter of Leon v Structure Tech N.Y., Inc., 225 AD3d at 1074 [internal quotation marks and citations omitted]), and its determination that claimant had not demonstrated that her alleged injuries arose out of and in the course of her employment is supported by substantial evidence and will not be disturbed (see Matter of Flores v Millennium Servs., LLC, 215 AD3d at 1148; Matter of De La Cruz v Aufiero Painting Indus. Inc., 185 AD3d 1330, 1331-1332 [3d Dept 2020]).
Egan Jr., Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: In her appellate brief, claimant does not address the denial of her application for reconsideration and/or full Board review, and, therefore, we deem her appeal from the Board's June 2023 decision to be abandoned (see Matter of Yolinsky v Village of Scarsdale, 202 AD3d 1262, 1263 n 2 [3d Dept 2022]).

Footnote 2: According to claimant, no police report was filed regarding the incident.