Matter of Ericson v FOJP Serv. Corp. (2025 NY Slip Op 05555)

Matter of Ericson v FOJP Serv. Corp.

2025 NY Slip Op 05555

Decided on October 9, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 9, 2025

CV-24-0499
[*1]In the Matter of the Claim of Kimberly A. Ericson, Appellant,
v
FOJP Service Corporation et al., Respondents. Workers Compensation Board, Respondent.

Calendar Date:September 11, 2025

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Pellegrini & Associates, LLC, New York City (John F. Clennan, Ronkonkoma, of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for FOJP Service Corporation and another, respondents.

Clark, J.P.
Appeal from a decision of the Workers' Compensation Board, filed February 22, 2024, which ruled that claimant's injuries did not arise out of and in the course of her employment and denied her claim for workers' compensation benefits.
Claimant filed a claim for workers' compensation benefits alleging that she sustained various injuries when she tripped and fell on a public sidewalk while on her way to work. The employer and its workers' compensation carrier controverted the claim contending, among other things, that claimant's injuries did not arise out of and in the course of her employment. At the conclusion of the hearing that followed, a Workers' Compensation Law Judge found, as relevant here, that claimant's injuries arose out of and in the course of her employment and awarded medical care and treatment, as necessary, for the established sites of injury. Upon administrative review, the Workers' Compensation Board reversed and disallowed the claim. This appeal by claimant ensued.
Claimant contends that, because certain municipal code provisions required her employer to maintain the sidewalks abutting its premises in a reasonably safe condition (see Administrative Code of City of NY §§ 7-210, 7-211), she is entitled to workers' compensation benefits regardless of whether her injuries arose out of and in the course of her employment. We disagree. "As a general rule, when an employee is injured in the course of his or her employment, his or her sole remedy against the employer lies in his or her entitlement to a recovery under the Workers' Compensation Law" (Quick v State Farm Mut. Auto. Ins. Co., 233 AD3d 1256, 1257 [3d Dept 2024] [internal quotation marks and citations omitted]; see Workers' Compensation Law §§ 10 [1]; 11 [1]). To that end, "[i]n order for an injury to be compensable under the Workers' Compensation Law, it must arise both out of and in the course of employment" (Matter of Dent v Amazon.com Servs., Inc., 225 AD3d 1075, 1075 [3d Dept 2024] [internal quotation marks and citations omitted]; accord Matter of Matter v Google Inc., 230 AD3d 1494, 1495 [3d Dept 2024]; see Matter of Cadme v FOJP Serv. Corp., 196 AD3d 983, 983 [3d Dept 2021]).
"Generally, accidents that occur outside of work hours and in public areas away from the workplace are not compensable and, consequently, injuries sustained during travel to and from the place of employment are not compensable" (Matter of Holness v City Coll., 192 AD3d 1291, 1291 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Dent v Amazon.com Servs., Inc., 225 AD3d at 1075-1076; Matter of Espinoza v City Safety Compliance Corp., 220 AD3d 1033, 1034 [3d Dept 2023]). That said, "[w]here an accident occurs near a claimant's place of employment, as is the case here, 'there develops a gray area where the risks of street travel merge with the risks attendant with employment and where the mere fact that the accident took place on a public road or sidewalk may not ipso facto [*2]negate the right to compensation' " (Matter of Johnson v New York City Tr. Auth., 182 AD3d 970, 971 [3d Dept 2020], quoting Matter of Husted v Seneca Steel Serv., 41 NY2d 140, 144 [1976]; see Matter of Dent v Amazon.com Servs., Inc., 225 AD3d at 1076; Matter of Cadme v FOJP Serv. Corp., 196 AD3d at 984). "In such a situation, the resulting injuries will be compensable only if there was (1) a special hazard at the particular off-premises point and (2) a close association of the access route with the premises, so far as going and coming are concerned, permitting the conclusion that the accident happened as an incident and risk of employment" (Matter of Holness v City Coll., 192 AD3d at 1292 [internal quotation marks and citations omitted]; see Matter of Dent v Amazon.com Servs., Inc., 225 AD3d at 1076; Matter of Cadme v FOJP Serv. Corp., 196 AD3d at 984). "[I]n reviewing the Board's determination in this regard, our inquiry is limited to ascertaining whether the Board's conclusion is supported by substantial evidence" (Matter of Dent v Amazon.com Servs., Inc., 225 AD3d at 1076; see Matter of Cadme v FOJP Serv. Corp., 196 AD3d at 984; Matter of Johnson v New York City Tr. Auth., 182 AD3d at 971).
The record reflects that, after exiting the employer's visitor parking garage, claimant tripped and fell on a public sidewalk that was adjacent to premises owned by the employer but across the street from claimant's actual worksite. Although claimant parked in the employer's parking garage, which was located less than one block from claimant's worksite, she acknowledged that she was free to utilize other available parking locations, that the employer's parking garage was open to the general public, that she was not assigned a particular space in the garage and that she paid the daily rate for using that facility (compare Matter of Espinoza v City Safety Compliance Corp., 220 AD3d at 1035-1036). Similarly, although there is no dispute that claimant had to cross a public street in order to access the sidewalk leading to her worksite, nothing in the record suggests that there was a special hazard at the site of claimant's fall or that claimant accessed her worksite via an entrance not utilized by the general public (compare Matter of Cadme v FOJP Serv. Corp., 196 AD3d at 985-986). Indeed, the unidentified defect in the sidewalk that purportedly caused claimant's injuries was a risk shared by anyone who used the sidewalk (see Matter of Dent v Amazon.com Servs., Inc., 225 AD3d at 1077; Matter of Holness v City Coll., 192 AD3d at 1292; Matter of Brennan v New York State Dept. of Health, 159 AD3d 1250, 1251-1252 [3d Dept 2018]). Finally, the fact that certain municipal requirements obligated claimant's employer to, for example, shovel the sidewalks in front of its premises during inclement weather did not demonstrate that the sidewalks were controlled by the employer or served a business purpose (see Matter of Djukic v Hanna Andersson, LLC, 185 AD3d 1116, 1117 [3d [*3]Dept 2020]; Matter of Johnson v New York City Tr. Auth., 182 AD3d at 972) nor obviate the need for claimant to demonstrate that her injuries arose out of and in the course of her employment for the purpose of obtaining workers' compensation benefits. As substantial evidence supports the Board's finding that claimant's injuries did not arise out of and in the course of her employment, her application for benefits was properly denied. Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.